105  269
115  334
105  269
128  482

MARY KUBIC v. G. A. ZEMKE, Appellant.

**Directed Verdict.** A verdict cannot properly be directed for plaintiff unless the court is able to say, after giving defendant the benefit of facts as to which there is a substantial conflict, that a finding for him would not be supported by the evidence.

RULE APPLIED. Plaintiff sued for necessaries furnished defendant's son, a minor. The son had lived with defendant only four and one-half months, when he was fifteen years old, and then worked for defendant under a contract to receive wages, and left because he did not want to stay, to which the father consented. *Held*, that it was error to direct a verdict for plaintiff.

BURDEN OF PROOF. Defendant in an action for board, care, and medicine furnished to his minor son, has the burden of proving the emancipation of his son, where he relies thereon as a defense.

*Appeal from Floyd District Court.*—HON. J. F. CLYDE, Judge.

SATURDAY, APRIL 9, 1898.

HENRY Zemke is a son of the defendant. Defendant was married in Milwaukee in 1871 or 1872, and went to live in Nora Springs, Iowa; and after two or three months, there was a separation, and his wife went to Milwaukee, Wis., where Henry was born October 11, 1873. Within two or three years, defendant was divorced from his wife, and married again. When Henry was fifteen years old, he visited his father at Nora Springs, when, as he says, his father desired him to remain and work for him for ten dollars per month, and board and clothes, which offer he declined, and returned to Milwaukee. The following year he accepted his father's offer to work for ten dollars per month, and board and clothes, and go to school in the winter. It is a fact that he

did work for his father about four and one-half months, when he left, and went to Chicago, where he obtained work; and about December 1, 1891, he commenced boarding with the plaintiff. In February, 1892, he was taken sick, and so continued till August of that year, during most of which time he was in bed; and the plaintiff furnished him medicine, board and care, for the payment of which Henry had no means, and the plaintiff has not been paid. This action is to recover from defendant, as the father of Henry, for the value of the expenditures and services. The defendant's answer recites the facts as to Henry always being separated from him, except for the four and one-half months, during which time he employed Henry for wages, which he paid, and that after such service Henry refused to continue with him longer, and claimed the right to go and work for whom, and where, he pleased, and that he (defendant) consented thereto; and, as a conclusion, it is said that Henry was fully emancipated. The evidence was presented to a jury, at the close of which the court denied a motion by defendant to direct a verdict in his favor, and thereupon the court, on its own motion, directed a verdict for the plaintiff, and from a judgment thereon the defendant appealed.— *Reversed.*

*Cliggitt & Rule* for appellant.

*H. J. Fitzgerald* for appellee.

GRANGER, J.—The controlling issue in the case is that as to emancipation. The facts are practically beyond dispute, except as to what occurred when Henry worked for his father in 1891. Both Henry and his father were witnesses, and their testimony is in conflict as to important details bearing on the question of emancipation. There is no question but that he

worked under a contract for wages, but Henry says he left the employment because his father refused to pay him; saying to Henry that he was his son, that he did not owe him anything, and that he had to work for him till he was twenty-one. The testimony of the defendant is directly opposed to this; he saying that he paid seventy-three dollars for five months' and twenty days' work; that Henry left without giving any reason for doing so, except that he did not want to stay. The testimony of each is more in detail than we have stated, but our purpose is to show the condition of the evidence as to the controlling issue, so as to determine the correctness of the court's action in taking the case from the jury. To justify the action of the court, we must be able to say, after giving to defendant the benefit of facts as to which there is a substantial conflict, that a finding for defendant would not have had support in the evidence. The question of emancipation turns on the understanding of defendant and Henry. It is the defendant who pleads emancipation, and he must establish it. It is not to be presumed. Schouler, Domestic Relations (4th Ed.), section 267a. A mutual understanding is sufficient to constitute emancipation, and it is not required to be expressed. It may arise by implication from the acts and conduct of the parties. *Id.* If, as appears by defendant's testimony, Henry claimed the right to control his time and earnings, and defendant assented thereto, and they acted with that understanding, it was an emancipation. If, on the other hand, defendant claimed the right to Henry's services during his minority, so long as he claimed that right, whether he exercised the right to have them or not, there could have been no emancipation so as to free him from the obligation the law creates between a father and his minor son for support. We have no case

in this state directly in point on the question we are considering.    See *Everett v. Sherfey*, 1 Iowa, 358; *Dawson v. Dawson*, 12 Iowa, 512; *Johnson v. Barnes*, 69 Iowa, 641; *Bener v. Edgington*, 76 Iowa, 105; *Porter v. Powell*, 79 Iowa, 151; *Cooper v. McNamara*, 92 Iowa, 243.    These cases bear more or less directly on questions involved, and show what follows complete emancipation.    We are clearly of the opinion that it was error for the court to direct a verdict for plaintiff, under the state of the evidence, and we may add that we think it would have been as clearly so to have directed one for the defendant.    We think the question of emancipation should have been submitted to the jury, under an instruction as to what would constitute emancipation.    The judgment is REVERSED.