MRS. CHARLES SHUTTLEWORTH, Appellee, v. INTERSTATE POWER COMPANY, Employer, FIDELITY & CASUALTY COMPANY, Insurer, Appellants.

No. 42063.

DECEMBER 12, 1933.

Montgomery, Montgomery & Montgomery, for appellants.

Tom Boynton, for appellee.

MITCHELL, J.—This is a workmen's compensation case. Mrs. Charles Shuttleworth is claiming compensation benefits for the accidental death of her husband, which occurred on June 11, 1931. Mrs. Shuttleworth claimed that her husband at the time of his death was an employee of the Interstate Power Company. The Fidelity & Casualty Company of New York was the workmen's compensation insurance carrier for the Interstate Power Company on said date. The case was first submitted to the Deputy Industrial Commissioner, Ralph Young, sitting as a committee of arbitration, other arbitrators having been waived on an agreed stipulation of facts. The Deputy Industrial Commissioner, sitting as a committee on arbitration, awarded the claimant $15 per week for 300 weeks. The Interstate Power Company and Fidelity & Casualty Company asked the Industrial Commissioner to review the decision. The case was submitted to the Industrial Commissioner, and he affirmed the decision of the Deputy Industrial Commissioner, sitting as an arbitration committee. From the decision of the Industrial Commissioner it was appealed to the district court of Winnebago county. On the 13th day of February, 1933, the district court of Winnebago county affirmed the award made by the Industrial Commissioner, and entered judgment against the appellant and in favor of the appellee for 86 weeks of compensation at $15 per week, and judgment for the further sums as they became due weekly from and after February 4, 1933, until 300 weeks have been fully paid, together with interest, to which ruling the appellants excepted and have appealed to this court.

The case was submitted upon an agreed statement of the facts, which shows that Charles Shuttleworth, at the time of his fatal injury, to wit, on the 11th day of June, 1931, was employed by the E. A. Brown Elevator Company. In addition to said employment with the elevator company he was also employed by the Interstate Power Company at Thompson, Iowa, where he was to wind weekly the clock which operated the street lights, for which he received $5 per month. He changed the charts on the volt meter for said power company daily, for which he received from said Interstate Power Company the sum of $6 per month. He installed fuses at

the substation for said Interstate Power Company, as occasion demanded, for which he received 50 cents for every fuse installed; he opened and closed the switch for the Interstate Power Company when requested to do so by said company, for which he received $1 for each time he opened and closed the switch. He put in and took out electric meters, for which he received 50 cents for each meter installed or taken out. During the year next preceding his death, Charles Shuttleworth was paid the sum of $201.50 by the Interstate Power Company for the services he rendered to the company.

The sole and only question that is now before this court in this case is the amount the appellee is entitled to receive.

It is the claim of the appellant that, since the record clearly shows Charles Shuttleworth was receiving less than $6 per week, claimant is entitled to receive only a sum equal to the full amount of his weekly earnings. It appears that in computing his weekly earnings there is some question as to just exactly the amount appellee would be entitled to on this basis. At some places in the record it appears there would be due the magnificent sum of $1.28 per week, for a period of 300 weeks. In other words, the value of this human life that was taken would be approximately $350. At another place in the record the appellant in a burst of generosity seems to think that this man's life was worth the sum of $3.75 a week for 300 weeks or approximately $1,000. The workmen's compensation law was passed for the benefit of the laboring people of this state. The legislature could not have had in mind that human lives in this state were of such little value that they could be snuffed out and their widows and families paid the sum of $300 or $1,000.

We agree with the distinguished and able Industrial Commissioner of this state when he said in his opinion:

"Defendants contend that if this claim is allowed at all compensation must be paid under the provisions of Section 1390 and if so computed the sum of weekly payment will be $1.28. It is difficult to treat this contention seriously. The result reached is its own condemnation. To say that in such necessary and hazardous engagement a workman and his family are to be dismissed in case of injury or death arising out of employment with such insignificant financial consideration is to assume that the state is a great joker in dealing with human misery due to industrial accidents."

The Industrial Commissioner and the district court held that the award came under subsection 5 of section 1397 of the 1931 Code, which is as follows:

"5. In case of injured employees who earn either no wages or less than three hundred times the usual daily wage or earnings of the adult day laborer in the same line of industry of that locality, the yearly wage shall be reckoned as three hundred times the average daily local wages of the average wage earner in that particular kind or class of work; or if information of that kind is not obtainable, then the class most kindred or similar in the same general employment in the same neighborhood."

An amendment to the stipulation shows that the Interstate Power Company was paying a full-time man in the same line of industry in the neighborhood of Thompson, Iowa, the sum of $140 per month, and that no other workman was employed in the same identical work Charles Shuttleworth did, in that neighborhood. It thus appears that Charles Shuttleworth at the time he was killed was earning less than 300 times the usual daily wage of the adult day laborer in the same line of industry in that locality. And in accordance with subsection 5 of section 1397 of the Code, above cited, the yearly wage of Charles Shuttleworth, in ascertaining the amount of compensation that appellee is entitled to, will be reckoned at 300 times the average daily local wage of the average wage-earner in that particular class of work, or the most kindred or similar in the same general employment. This record shows that, in a kindred or similar class of work in the locality where this man lost his life, an employee was receiving $140 per month. Thus, it appears that the Industrial Commissioner and the district court in ascertaining and awarding the sum of $15 per week for a period of 300 weeks were correct and complying with the statutes governing the basis of computation under the workmen's compensation law. The appellant power company had to have the services such as were performed by Charles Shuttleworth. This work did not require a great deal of time, but it was vital to operation. The plain intent of the compensation statute is to protect the workman and his family against loss of his earning capacity and protection. Charles Shuttleworth lost his life in the service of the Interstate Power Company. He performed valuable services for that company. He was engaged in a hazardous occupation. His family is entitled to the benefits

which the workmen's compensation law provides. Not the mere pittance that the appellants seem to think this human life was worth.

Judgment of the lower court must be, and it is hereby, affirmed.

ALBERT, C. J., and EVANS, KINDIG, STEVENS, ANDERSON, KINTZINGER, and CLAUSSEN, JJ., concur.