HENRY L. BRANDHORST, Appellee, v. GALLOWAY COMPANY,
INCORPORATED, et al., Appellants.

No. 45743.

JANUARY 13, 1942.

REHEARING DENIED APRIL 10, 1942.

Miller, Huebner & Miller, for appellants.

Longley & Frank, for appellee.

HALE, J.—This is an action brought by the father of Harold Brandhorst, deceased, to recover compensation as a dependent of said decedent, who was injured January 6, 1940, and died from such injuries January 15, 1940. The defendants deny that the claimant, Henry L. Brandhorst, was in any degree dependent for his support upon the earnings of Harold Brandhorst at the time of his injury, January 6, 1940.

The only question involved in this appeal is the dependency of the claimant, who claims that he was dependent upon Harold to a great extent for his support, and that in his lifetime the said decedent was a substantial and material contributor to the support of his parents. The deputy industrial commissioner, sitting as sole arbitrator, rendered and filed an arbitration award, in which said deputy commissioner found that at the time of the injury and death the claimant was partially dependent upon contributions from the earnings of said decedent to the extent of 70 per cent, and he awarded compensation accordingly. On review before the industrial commissioner, on January 30, 1941, the commissioner rendered an opinion and decision in which he found and ruled that Henry L. Brandhorst was wholly dependent upon his minor son at the time of and prior to said son's fatal injury, and awarded him, as such dependent, workmen's compensation at the rate of $6.46 per week, for a period of three hundred weeks, beginning on the 6th day of January, 1940, with interest at 6 per cent per annum on each payment until paid. The case was appealed to the district court, which affirmed the findings of fact and the award of the industrial commissioner, to all of which defendants excepted and appealed to this court.

We have to consider only the question of dependency. Under the workmen's compensation law we recognize two kinds of dependency—actual and statutory. The ruling of the commissioner, sustained by the district court, was that, since the parent received the benefit of all of the minor son's earnings, the claimant herein qualified as a conclusively presumed wholly dependent, within the meaning of the law, under paragraph 3 of section 1402 of the Code of 1939, subject to the limitations of paragraph 2 of Code section 1392. Said section 1402 is as follows:

"The following shall be conclusively presumed to be wholly dependent upon the deceased employee: * * * 3. A parent of a minor who is receiving the earnings of the employee at the time when the injury occurred. * * * "

The limitation made by paragraph 2 of section 1392 is as to the amount of compensation to be paid such parent, which is therein fixed at two thirds of the weekly compensation for an adult with like earnings. If the claimant comes within the class of persons wholly dependent, as was found by the commissioner, and, under the same evidence, by the court, the question of partial dependency need not be considered.

At the outset, it is the rule that on an appeal of this kind the findings of fact made by the industrial commissioner within his powers shall be conclusive, and if the facts found by the commissioner do not support the order or decree, or there is not sufficient evidence in the record to warrant the making of the order, then only may the award of the commissioner be modified, reversed, or set aside. (Code, 1939, sections 1452 and 1453.) It has been so repeatedly held that it is unnecessary to cite authorities for the rule that when the evidence in a compensation case is in conflict the findings of the industrial commissioner are presumed to be correct.

Defendants assert that the commissioner was in error in finding that at the time the injury was sustained the claimant was solely dependent upon the deceased Harold Brandhorst, when, as the defendants claim, the uncontradicted record is that the claimant was not wholly, or even partially, dependent at the time of the injury or during the preceding year. They urge that the claimant was not statutorily presumed dependent, for the reason that, to constitute such dependent the parent must have been *receiving* the minor's earnings at the time of the injury and during the year preceding. They claim in support thereof that the uncontradicted record in the case shows that the claimant had not only not been receiving any of the decedent's earnings but that he had forfeited any right to receive such earnings in that he had emancipated such minor so far as his earnings and services were concerned. The question of emancipation is claimed by the claimant not to have been raised until the hearing before the district court. It is, however,

argued. Defendants devote considerable attention to a review of the changes in the statute (paragraph 3, section 1402, Code of 1939, supra), which formerly read, as first enacted, in the 1913 Supplement to the Code, section 2477-m16:

"* * * (c) The following shall be conclusively presumed to be wholly dependent upon a deceased employe: * * * (3) A parent of a minor entitled to the earnings of the employe at the time when the injury occurred, subject to the provisions of subdivision (f), section ten hereof. * * *"

Originally what is now paragraph 2, section 1392, Code of 1939, in the 1913 Supplement, section 2477-m9 (f), read as follows:

"Where injury causes death to an employe, a minor, whose earnings were received by the parent, the compensation to be paid the parent shall be two thirds of the amount provided for payment in subdivision (d) section ten."

The distinction which the defendants make is that these two paragraphs as originally enacted were in conflict, inasmuch as what is now Code section 1402 used the words "entitled to", while the section which is now 1392, used the word "received"; but that since the time when it was enacted the statute has been changed by striking out the words "entitled to" and using the word "received", and that distinction is of importance. We do not need to follow the defendants through the long and able argument which they make in support of their claim, since we hold as a matter of law that if the earnings of the deceased son were applied by him to the benefit of the parent it can make no difference whether they were handed over directly by the employer to the parent or indirectly, through the agency of the minor son or of any other person, provided that the parent actually received the benefit thereof. Defendants argue that the fact that the claimant indirectly received some benefit from the decedent's earnings, by being relieved in part from having to support and maintain said minor son, is not such a receiving of the decedent's earnings as was contemplated by the legislature. We do not so believe. The support of the minor child was an obligation from which the claimant was relieved in part by the

use of the earnings of such minor son. This constituted receiving. When a person is obliged to make payment of certain things, or to perform certain duties, or pay certain expenses, a payment by another which relieves him from such obligation is the reception of the fund, whether it comes to him directly or indirectly. It is, however, argued that there was no such obligation in this case, since the record indicates the emancipation of the child; but with this claim as to emancipation we also cannot agree.

Other parts of defendants' argument, being devoted to the question of partial dependency, under subdivision 3 of section 1392 of the Code of 1939, as heretofore stated, need not be considered.

Therefore, the question as to the burden of proof as to the claimant does not bear upon the question of the statutorily presumed dependency, provided that there was competent evidence supporting the finding of the commissioner. The case of Serrano v. Cudahy Packing Co., 194 Iowa 689, 190 N. W. 132, does not apply to the question here discussed. What constitutes dependency is defined by the statute, and the question for our consideration, we think, narrows itself to the question of whether or not there was before the commissioner supporting evidence sufficient to create that statutory presumption. The ordinary definition of dependency must give way to the statutory definition (Code, 1939, section 1402).

Let us, then, assume that the defendants are right in their claim that the claimant's 22-year-old son William and his 19-year-old daughter Hazel are able-bodied and self-sustaining and able to support themselves. Under the evidence, even though these two might be excluded from consideration as dependent in any degree upon the decedent, there would remain a family, including decedent, for whose support the obligation is upon the claimant, Henry L. Brandhorst. But these facts as to dependency, as also the question of the amount requisite for the support of the family and the question of reliance upon the earnings of the minor by the father, would be considered only with reference to actual and not statutory dependency. As to such statutory dependency, the evidence we have for consideration, under our holding and conclusions hereinafter stated, is

substantially as found by the commissioner. The findings of the commissioner were: that the deceased substantially all his life resided with and at the home of his parents, who at all times furnished him with food, lodging, clothing, and supplies, and some spending money, so far as their financial means would permit; that when the son had employment the father transported him to and from the place where he was working, except for a short period of time when the son was working on a farm, and during that period came to his father's home for week ends. There was nothing of record to show that the claimant told his son that he was free from parental control or restraint, and during the last year of the son's life he at times procured employment at different places in different lines of work, with claimant's knowledge, consent, and advice; his wages were drawn by the son, some of which he, with the father's knowledge and consent, spent for wearing apparel, entertainment, an occasional bottle of pop, food which he took home, church contributions, and probably a very small amount for the entertainment of a girl friend; and at periodical times a part of the minor son's earnings were delivered to claimant—referred to in the testimony of claimant as "board"—which the commissioner found to mean money received by claimant as a part of the son's earnings, not in contractual relation for food and lodging as a boarder. These facts and circumstances, with others of the same kind relating to earnings and expenditures and money received by claimant from the minor son's earnings, are shown of record, and all that was said and done by the son was with the knowledge, consent, and control of the claimant, except one wrongful act of the son which led him into trouble with the law. The claimant in that matter took an interest in his son, and thereafter, as before, furnished him with a home and sustenance, which continued up to the date of the son's death. The commissioner found further as to the facts that the parent received the full benefits of the son's earnings to the same extent as if all the money had been delivered to the parent and he had in turn returned a part thereof to the minor son with which to furnish family food, wearing apparel, and a small amount for entertainment.

An examination of the record discloses that there was evi-

dence to support these findings. There was support for the commissioner's finding that the claimant provided a home for Harold, furnished him with transportation when he was employed, and, during the period of his employment, directly received the benefit of Harold's labor. Under such a state of facts it would necessarily follow that the claimant would conclusively, under the provisions of paragraph 3, section 1402, Code of 1939, be deemed a dependent, unless, as is claimed by the defendants, the son Harold had been emancipated.

There can be no emancipation except where it is done by the voluntary act of a parent; where there is an express, voluntary relinquishment there can be no further right to the services of a child or to his earnings. And there may be shown the parent's conduct in relation to the child in a manner inconsistent with the performance of his rights and obligations. This also was a question of fact, and, under the rule as to determination of facts when based on competent evidence, we do not see that we should here interfere. As to the money from earnings, while under the provisions of section 10495 of the Code it could be drawn by the son, yet, as we have heretofore indicated, the actual transmission or the manner thereof from the employer to the father is not of importance, provided that the benefit thereof was received by such parent; so that the manner of drawing the wages by the son did not amount to a voluntary emancipation of the son. We have no disposition to dispute the propositions laid down by the cases cited by defendants, to wit, Jacobs v. Jacobs, 130 Iowa 10, 15, 104 N. W. 489, 491, 114 Am. St. Rep. 402; Bristor v. Chicago & N. W. Ry. Co., 128 Iowa 479, 482, 104 N. W. 487, 488; Porter v. Powell, 79 Iowa 151, 154, 44 N. W. 295, 297, 7 L. R. A. 176, 18 Am. St. Rep. 353; but they do not apply to the facts shown in the present case.

We are satisfied that, under the authorities, the facts found by the commissioner, based on competent evidence, are sufficient to negative emancipation. Under this holding, and as heretofore indicated, it is our conclusion that the finding of facts and the award made by the commissioner were justified by the record, and, to quote the language of the court in its decree sustaining the commissioner, we say that:

"The commissioner has found that the record warrants the

conclusion that the claimant is within the statutory definition of one who was wholly dependent upon the deceased. The commissioner also found against the defendants on their claim that the evidence shows there was an emancipation of this minor. This court therefore feels that the conclusions of the Industrial Commissioner are justified and sustained by the evidence, and therefore they must be and are hereby affirmed.''

With this finding and conclusion of the district court we are in accord. The case is therefore affirmed.—Affirmed.

BLISS, C. J., and STIGER, SAGER, OLIVER, GARFIELD, and WENNERSTRUM, JJ., concur.