VICTOR HARVEY, SR. et ux., Appellees, v. ROCKLIN MANUFAC-
TURING COMPANY et al., Appellants.

No. 46900.

October 15, 1946.

Baron, Caine & O'Brien and Kindig, Kindig & Beebe, all of Sioux City, for appellants.

Stewart & Hatfield, of Sioux City, for appellees.

Oliver, J.—Victor Harvey, Jr. died December 20, 1944, from an accident arising out of and in the course of his employment by appellant employer. He was then aged sixteen years, eleven months, and was living with and under the control of his father and stepmother, appellees herein. The principal questions in this appeal concern the status of appellees as dependents of decedent and the compensation rate.

The record shows decedent, a junior-high-school student, worked after school hours and during vacations as a news-

paper carrier from December 1942 until March 1943; a Western Union messenger in June and July 1943; a corn detasseler in August 1943; a pin setter in a bowling alley from September 1943 to March 1944; a packing-house worker from March to September 1944, where he earned $668.66, from which was deducted income tax of $74.20; and that from October 13th to December 20, 1944, he worked for appellant employer after school hours and on Saturdays and during vacations, earning $93.82.

Appellees testified decedent used his earnings for all his clothing and school supplies, for his spending money, for clothing for his father and stepmother, for gifts for his stepmother, and gifts and entertainment for his young stepbrother and stepsister, for church contributions, for war bonds which he contemplated using for his education, and for a monument for his mother's grave, which his father was financially unable to purchase and which decedent suggested he would buy in lieu of paying board. August 29, 1944, he purchased the monument and paid $100 thereon. November 21, 1944, he paid the balance of $47.90. Decedent's written contract and receipts are in evidence.

I. Section 85.42, Code of Iowa, 1946 (section 1402, Code of 1939) provides, in part:

"The following shall be conclusively presumed to be wholly dependent upon the deceased employee: * * *

"3. A parent of a minor who is receiving the earnings of the employee at the time when the injury occurred. Stepparents shall be regarded as parents."

Appellants contend appellees were not entitled to the foregoing presumption when they "received only an occasional gift or an insignificant gratuity from the minor during his lifetime." The record does not support the premise of this contention. Nor does it sustain appellants' assumption that the commissioner based his finding of statutory dependence upon proof that the parents received the compensation earned by the minor from previous employers.

The opinion and decision of the commissioner points to undisputed evidence that decedent used his earnings from

appellant employer for his school necessities, clothing, Christmas gifts for members of the family, entertainment, and spending money, and finds that the parents were relieved of these various items of expense and hence received the full benefits of the deceased minor's earnings. Since these findings of fact are supported by sufficient competent evidence they are conclusive.

■ The facts bring the case within the rule of Brandhorst v. Galloway Co., 231 Iowa 436, 1 N. W. 2d 651, followed in Littell v. Lagomarcino Grupe Co., 235 Iowa 523, 17 N. W. 2d 120, that the support of the minor was an obligation of the parent and if the deceased minor's earnings were so applied by said minor as to relieve the parent in part from such support it made no difference whether the parent received such earnings directly through the employer or indirectly through the son, provided the parent actually received the benefit thereof. Under the quoted part of the statute appellees are conclusively presumed to have been wholly dependent upon decedent. Hence the facts found by the commissioner support the award.

■ II. Appellants complain of the admission, over their objections, of evidence of prior employments of decedent by other employers and of prior earnings and their disposition. Our holding hereinbefore, that the findings of the commissioner are supported by sufficient competent evidence and support the award renders this complaint unavailable as a basis for reversal. See section 86.30, Code of 1946 (section 1453, Code of 1939). However, we think such evidence was proper as bearing upon the status of the minor and appellees; a continuing course of conduct on their part; the source of some expenditures by the minor for appellees' benefit during his employment by appellants; and perhaps for other reasons.

In connection with the foregoing complaint, appellants would construe section 85.42, Code of 1946 (section 1402, Code of 1939), above quoted, as meaning that dependency of parents thereunder must be based solely upon benefits from earnings of the minor from the employer from whom compensation is sought. The statute does not so state and we will not give it that narrow interpretation. As pointed out by appellees,

had decedent been killed the first week he was employed by appellant employer, and before he had received any wages, the parents would not be entitled to anything under appellants' construction of the statute. Nor do we think the statute contemplates that, to show dependency thereunder, money expended for the benefit of his parents by a minor who changed employment must be earmarked as received from a particular employer or that such expenditures must be made immediately upon receipt of earnings. If, as contended by appellants, decedent made the November 1944 payment for the monument for his mother's grave with previous earnings from Cudahy Packing Company, it would have been proper to take such expenditure into consideration in determining the question of statutory dependency.

III. Appellants contend "the minor at the time of his death was a nonmachine, part-time laborer working approximately fifteen hours per week," and that the compensation recoverable should have been limited on that basis.

Decedent was a part-time worker. His base pay was fifty-two and one-half cents per hour. During the ten-weeks' period of his employment with appellant employer he worked on twenty-nine different days. Fourteen of said days he worked after school hours from one and a fourth to three and a half hours per day. On the other fifteen days, which were Saturdays and vacations, he worked from eight to ten hours per day. Section 85.36, Code of Iowa of 1946 (section 1397, Code of 1939) provides, in part, as follows:

"5. In case of injured employees who earn either no wages or less than three hundred times the usual daily wage or earnings of the adult day laborer in the same line of industry of that locality, the yearly wage shall be reckoned as three hundred times the average daily local wages of the average wage earner in that particular kind or class of work * * *."

The manifest purpose of the foregoing paragraph is to provide for the allowance of rates of workmen's compensation based upon the average wage in the kind of employment involved, in cases in which the rates of compensation would

otherwise be below average. To accomplish such purpose the statute should. be liberally construed.

In Shuttleworth v. Interstate Power Co., 217 Iowa 398, 251 N. W. 727, this statute was applied in a compensation case involving the death of a part-time employee who had earned $201.50 from the employer during the year previous thereto. An allowance of $15 per week for three hundred weeks was affirmed. Appellants state the employee in the Shuttleworth case was underpaid and that everything there said must be considered in the light of that situation. The language of the Shuttleworth case is not fairly subject to such interpretation. The criticism there made of the conduct of the employer corporation was not that it had taken advantage of the laborer during his life but that it was placing such a low value upon his life and was contending for a rate of compensation for his dependents much less than that to which said statute entitled them. The rule of the Shuttleworth case is here applicable.

In the case at bar the findings of the industrial commissioner recite:

"At the time of decedent's fatal injury he was working at the same hourly wage and the same number of hours as other common laborers of the defendant-employer, and was in the same class as full time employees. Whether he was dipping castings, cleaning up, helping in the shipping, or operating a drill press is immaterial as far as determining his class of employment. The compensation computed according to the annual earnings of persons of the same class in the same employment and regularly employed at 52½c per hour for a ten-hour day would amount to $15.00 a week."

The factual portion of the foregoing statement is amply supported by competent evidence. Decedent was employed as a common laborer, worked as a common laborer, and was paid the wages of a common laborer. On each of the several days immediately preceding his death he worked ten hours and on the day he was killed he was allowed for ten hours of work. It is fair to assume that but for his injury he probably would have worked approximately sixty hours during that week, as did other full-time common laborers.

In its dealings with its employees and their union, appellant employer classified (and paid) as common laborers, among others, certain employees who were permitted to operate two or three of the smaller machines. In other words, this type of work was considered common labor. However, appellants would now place these common laborers in a different class from common laborers who perform other tasks and would classify decedent as a "nonmachine part-time laborer." As already stated, the statute (paragraph 5 of section 85.36, Code of 1946) should be liberally construed for the benefit of injured workmen and their dependents. This rule of construction forbids the destruction or limitation, by narrow and technical classifications, of rights of such persons to average rates of compensation as therein provided.

It is our conclusion that the commissioner was right in computing the compensation according to the annual earnings of other common laborers of appellant employer regularly employed at fifty-two and one-half cents per hour for a ten-hour day. The result of this computation was a holding that the statutory average weekly employment wage of the deceased minor employee at the time of the injury exceeded $25, which entitled appellees to two thirds of the maximum weekly benefits (under the statute in effect at the time of the injury) of $15, for three hundred weeks, and other statutory benefits.

The judgment of the trial court affirming the order and award of the commissioner upon review was correct.—Affirmed.

GARFIELD, C. J., and BLISS, HALE, WENNERSTRUM, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.