MILDRED STINES, appellee, v. FARMERS LUMBER & SUPPLY COMPANY, employer, and AMERICAN SURETY COMPANY, insurance carrier, appellants.

No. 49850.

(Reported in 100 N.W.2d 415)

JANUARY 12, 1960.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellants.

Stilwill & Wilson, of Sioux City, for appellee.

THORNTON, J.—An award made by the Deputy Industrial Commissioner and affirmed by the Industrial Commissioner has been reversed by the trial court. The Commissioner and Deputy held the rate of compensation should be $16.92 under subsection 3 of section 85.36, Code of Iowa, 1954. The trial court held the proper rate is $32 under subsection 5 of section 85.36. We agree with the trial court.

The claimant is the dependent widow of Everett L. Stines, deceased. Stines received injuries arising out of and in the course of his employment resulting in his death. He was employed by employer-appellant as a handy man, doing cleanup work and odd jobs. He would do whatever the employer had for him in the way of general labor. In accordance with the arrangement he made with the employer he only worked four hours a day, five days a week, a total of 20 hours per week. This was according to his own wish. The employer could have used him a full eight hours. His rate of pay was $1.10 an hour, $4.40 a day, $22 per week. Decedent worked under this arrangement from September 1956 until March 18, 1958, the date of his fatal injury. At the review hearing before the Commissioner the parties stipulated, "That the usual daily wage or earning of an adult day laborer in the locality and industry in which the decedent, Everett L. Stines, was employed was $8.80 per day." The stipulation was the only additional evidence offered at the review hearing. The facts are not in dispute. The question is one of law, the weekly compensation rate to which the claimant, appellee here, is entitled.

I.  Section 85.36, Code of Iowa, 1954, provides:

"1. Compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages, or earnings in the employment of the same employer during the year next preceding the injury. * * *

"3. The annual earnings, if not otherwise determinable, shall be three hundred times the average daily earnings in such computation. * * *

"5. In case of injured employees who earn either no wages or less than three hundred times the usual daily wage or earnings of the adult day laborer in the same line of industry of that locality, the yearly wage shall be reckoned as three hundred

times the average daily local wages of the average wage earner in that particular kind or class of work; or if information of that kind is not obtainable, then the class most kindred or similar in the same general employment in the same neighborhood. * * *."

Section 85.37, Code of Iowa, 1954, as amended by sections 1 and 2, chapter 78, Fifty-sixth General Assembly, provides:

"Compensation schedule. In all cases where an employee receives a personal injury for which compensation other than for medical, surgical, and hospital services and burial expenses, is payable, such compensation shall be upon the basis of sixty-six and two-thirds percent per week of the average weekly earnings but not to exceed thirty-two dollars nor less than fifteen dollars per week, except if at the time of his injury his earnings are less than fifteen dollars per week, then he shall receive in weekly payments a sum equal to the full amount of his weekly earnings."

The employer and insurance carrier contend here the determination of the rate of compensation due under subsection 5 of section 85.36 is improper under the facts and circumstances in view of the nature of the contract of employment, and the result reached is unreasonable because the compensation due and payable is in excess of the actual earnings of decedent. They also apparently contend that in all cases where compensation can be computed under subsection 3 of section 85.36 it alone applies.

Unquestionably the contract of employment was for a short four-hour day and the decedent so worked. However, the contract of employment is no concern of ours. The statute does not allow or require us to base any determination upon the contract. The statute simply provides compensation shall be computed on the basis of annual earnings, and the manner of determining annual earnings under different circumstances. The circumstances here presented come squarely under the provisions of subsection 5 set out above. Decedent was earning less than three hundred times the usual daily wage or earnings of the adult day laborer in the same line of industry of that locality. Therefore we must apply the formula set out in such subsection, "* * * the yearly wage shall be reckoned as three hundred times the average daily local wages of the average wage earner in that particular kind or class of work; * * *." The parties have stipulated that

$8.80 is the usual daily wage or earnings of an adult day laborer in the locality and industry. And the shop superintendent for the employer testified they paid $8.80 per day for the type of work decedent was doing in his general daily work. The claimant is entitled to compensation based upon an average daily wage of $8.80.

On two prior occasions we have applied subsection 5 of section 85.36, Shuttleworth v. Interstate Power Co., 217 Iowa 398, 251 N.W. 727, and Harvey v. Rocklin Mfg. Co., 237 Iowa 1058, 24 N.W.2d 402. In both cases the deceased employee was earning less than three hundred times the usual daily wage or earnings of the adult day laborer in the same line of industry of that locality. Appellants here would distinguish the Harvey case because the decedent there had not worked a year and that it was necessary to resort to subsection 5 to determine the annual earning, and the Shuttleworth case because the time worked was selected by the employer and not by the employee, as here. These distinctions do not reach the problem. As above pointed out the statute does not allow us to make any determination based on the employment contract; and the application of subsection 5 is not dependent upon the lack of any other possible computation but plainly states the basis of computation. A contrary holding would ignore subsection 5 completely.

The ruling of the trial court is affirmed.

Costs are taxed to appellants, except printing costs in excess of $1.50 per page incurred by appellee.—Affirmed.

All JUSTICES concur.