MARION VAUPEL, appellant, v. LARRY BELLACH, appellee.

No. 52672.

(Reported in 154 N.W.2d 149)

November 14, 1967.

David F. McGuire, of Cedar Rapids, for appellant.

Dennis D. Damsgaard, of Cedar Falls, for appellee.

Moore, J.—This is an action for contribution following judgment against Marion Vaupel for personal injuries received by

defendant's mother. She was riding in an automobile, being operated by defendant Larry Bellach through a smoke-filled area on the highway, which collided with an opposite direction vehicle. The smoke was emitting from a fire which the first trial court found was negligently set along the road by Vaupel.

Plaintiff's petition in the case at bar alleges nine specifications charging defendant with negligence which caused the collision and resulting injuries to his mother.

Defendant's answer includes affirmative allegations his mother was a guest, he was an unemancipated minor immune from suit by his mother, there was no common liability and therefore plaintiff had no right of contribution. Plaintiff's reply denies generally these allegations.

Defendant then filed a motion for adjudication of law points as provided for by rule 105, Rules of Civil Procedure. He therein states an adjudication of any of these points of law favorable to defendant would dispose of the whole case.

Rule 105 so far as here applicable provides: "Separate adjudication of law points. The court may in its discretion, and must on application of either party, made after issues joined and before trial, separately hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case * * *."

When this motion came before the trial court it was agreed between counsel and approved by the court that the evidence taken at the earlier trial should be used and considered by the court without taking new evidence. The same trial court had tried the first case without a jury.

This resulted in a trial under rule 186, R.C.P., which provides: "Separate trials. In any action the court may, for convenience or to avoid prejudice, order a separate trial of any claim, counterclaim, cross-claim, or of any separate issue of fact, or any number of any of them. Any claim against a party may be thus severed and proceeded with separately."

Thereafter the trial court filed extensive findings of fact and conclusions of law. They include the court's conclusion plaintiff was an unemancipated minor at the time of his mother's injury and a determination plaintiff was not entitled

to recover. From judgment against plaintiff for costs he has appealed.

Plaintiff-appellant has in his assignment of error, his printed brief and in oral argument, specifically limited his contention to the proposition the trial court erred in denying contribution on the ground defendant was unemancipated.

Plaintiff-appellant asserts in his brief and stated in oral argument he was not challenging the claimed rule of family immunity or common liability. They are therefore not before this court for consideration. We shall determine only the question presented.

The sole question is whether under the record the trial court erred in finding defendant-appellee was an unemancipated minor.

I. The findings of fact in this action at law are binding upon this court if supported by substantial evidence. Rule 344(f)(1), R.C.P.

II. Parents are entitled to the care, custody, control and services of their children during minority. Code section 599.1 provides the period of minority extends to the age of twenty-one years but all minors attain their majority by marriage. Defendant-appellee was 19 years of age and unmarried at the time of the accident.

"Emancipation" as the term is used in the law of parent and child means the freeing of the child from the custody of the parent and from the obligation to render services to him. Everett v. Sherfey, 1 Iowa (Clarke) 356, 361, 362; 39 Am.Jur., Parent and Child, section 64; 67 C.J.S., Parent and Child, section 86. See also Words and Phrases, Perm. Ed., Volume 14, pages 363–366.

In Bristor v. Chicago & Northwestern Ry. Co., 128 Iowa 479, 482, 104 N.W. 487, 488, we quote this from Porter v. Powell, 79 Iowa 151, 154, 155, 44 N.W. 295, 296, 7 L.R.A. 176, 18 Am. St. Rep. 353: "To emancipate is to release; to set free. It need not be evidenced by any formal or required act. It may be proven by direct proof or by circumstances. To free a child for all the period of minority, from care, custody, control, and service, would be a general emancipation; but to free him from

only a part of the period of minority, or from only a part of the parent's rights, would be limited. The parent, having the several rights of care, custody, control, and service during minority, may surely release from either without waiving his right to the other, or for a part of the time without waiving as to the whole. A father frees his son from services. That does not waive the right to care, custody, and control, so far as the same can be exercised consistently with the right waived."

■ Emancipation is not necessarily a continuing status, even if once established, it may be terminated at anytime during the child's minority. Everett v. Sherfey and Porter v. Powell, both supra.

■ The fact alone that a child is outside the home expending his own money does not demonstrate emancipation. Brandhorst v. Galloway Company, Inc., 231 Iowa 436, 1 N.W.2d 651.

■ Emancipation is not to be presumed. Whether a child has been emancipated must be determined largely on the particular facts and circumstances in each case. Ordinarily it is a question for the fact finder. Kubic v. Zemke, 105 Iowa 269, 271, 74 N.W. 748, 749; Parker v. Parker, 230 S.C. 28, 94 S.E.2d 12, 13, 60 A.L.R.2d 1280; 39 Am.Jur., Parent and Child, section 64, page 702; 67 C.J.S., Parent and Child, section 90, pages 816, 817.

■ III. We therefore now turn to the particular facts and circumstances as disclosed by the record.

Cora Bellach, defendant's mother, a widow since March 1950, owned and lived on an 80-acre farm in Buchanan County where she had lived 31 years. After her husband's death she did most of the farm work and maintained a home for four minor children. Two were older and one younger than her son Larry.

Larry lived in the family home and attended school until his sophomore year in high school when at the age of 16 or 17 he quit school. Thereafter he continued to live in the home and did farm work in the community.

In October 1961 Larry obtained a job at Wilson Packing Company in Cedar Rapids where he lived in an apartment until February 1962 when he was laid off. He then returned to his prior farm home where he lived with his mother and sister

Linda, age 13, until after the accident on April 19, 1962. During part of this period he drew unemployment compensation which he spent as he had done with his wages from Wilson. He had an automobile on which he was making payments. Apparently his mother assisted in making arrangements for financing its purchase but did not sign the papers.

Following his return to the farm home and until after the accident Larry's mother furnished him board and room and did his washing for which he paid nothing. He did little, if any, work on the farm. There is no evidence of emancipation by voluntary act of the mother.

On April 19, 1962, Larry, then age 19, took his mother in his car to Independence where she signed a consent for his marriage license. She also bought groceries for the family. On the return trip at about 2 p.m. the accident involved herein occurred and the mother was seriously injured. As planned Larry married that evening but changed his plan to move to Cedar Rapids and remained on the farm for some time as his mother was unable to work.

The trial court's findings and conclusions include: "We find then that at the time when the circumstances must be examined to determine the issue of emancipation, the son was living in the home, receiving the care of his mother, dependent upon her generosity and was what is known in the vernacular a 'star boarder'. He was not emancipated."

The trial court's findings of fact are supported by substantial evidence. The applicable legal principles sustain the trial court's conclusion that under the facts defendant-appellee was not emancipated at the time of the accident.

On the issue presented the judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.