**Betty J. SEEGER, Appellee,**

v.

**Howard JUNCKER d/b/a Howard's Radio & T.V. Service, Employer, and Western Fire Insurance Company, Insurance Carrier, Appellants.**

No. 2–56933.

Supreme Court of Iowa.

Dec. 17, 1975.

Warren L. DeVries, Mason City, for appellants.

Hobson, Cady & Drew, Hampton, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

LeGRAND, Justice.

The determinative question presented by this appeal concerns the proper statute under which death benefits due the dependents of a part-time employee are to be computed. We affirm the trial court's finding that § 85.36(5), The Code, 1971, controls. We accordingly affirm the judgment.

The facts have been stipulated. Donald K. Seeger, who was regularly employed elsewhere, also worked part-time for Howard Juncker in installing and servicing TV antennas. He had done this extra work for

about 20 years as and when needed. During the calendar year 1970 (the year preceding his death) decedent had earned $234. In the year 1971 up to the time of his death, he had earned $713.50. At the time of his death the rate of his pay was $3 per hour.

Decedent was survived by Betty J. Seeger, his widow who is the claimant here, and two minor children, a daughter eight years of age, and a son six years of age.

On November 12, 1971, while working on a television tower, decedent fell to the ground, sustaining injuries from which he died within a few hours. Defendants concede his injury rose out of and in the course of his employment.

It is agreed decedent's surviving dependents are entitled to payments under the Workmen's Compensation Act, Chapter 85, The Code, 1971. The only disagreement is over the rate at which payments are to be made and the statute by which the computation is to be measured. Defendants insist § 85.31(1) determines the extent of their liability; plaintiff, on the other hand, asserts the award is to be made under the terms of § 85.36(5). The answer must be found in the Workmen's Compensation Act as it existed in 1971, and unless otherwise noted, all references herein are to that version of the Code.

There is virtually no factual dispute in this case. It is true defendants make some complaint there is no evidence to support the finding that the average daily wage of adult day laborers in this industry and this locality was $24. However, the Commissioner found it was "generally agreed" by the parties that this figure could be ascertained by multiplying the hourly rate of $3 by a normal working day of eight hours. Defendants do not deny such an agreement, and we therefore accept the Commissioner's statement as sufficient basis for that finding. We limit ourselves to the legal question already posed—whether the amount of the award is based upon proper application of our statutory law.

Defendants rely upon § 85.31(1) which at the time in question provided as follows:

*"Death cases—dependents.*

"1. When death results from the injury, the employer shall pay the dependents who were wholly dependent on the earnings of the employee for support at the time of his injury, during their lifetime, compensation upon the basis of sixty-six and two-thirds percent per week of the employee's average weekly earnings, payable in three hundred equal weekly installments * * *; provided further, that such weekly compensation shall not be less than eighteen dollars per week, except if at the time of his injury his earnings are less than eighteen dollars per week, then the weekly compensation shall be a sum equal to the full amount of his weekly earnings. * * *."

Under this formula, the claimant is entitled to payment of 300 weeks' compensation at the rate of $18 per week.

Claimant relies upon the more liberal provisions of § 85.36(5) which we now set out:

"5. In case of injured employees who earn either no wages or less than three hundred times the usual daily wage or earnings of the adult day laborer in the same line of industry of that locality, the yearly wage shall be reckoned as three hundred times the average daily local wages of the average wage earner in that particular kind or class of work; or if information of that kind is not obtainable, then the class most kindred or similar in the same general employment in the same neighborhood."

Under this computation, which is the one used by the Industrial Commissioner and approved by the district court, defendant is required to pay compensation for 300 weeks at a weekly rate of $59.

The dispute, then, is whether defendant shall pay a total of $5,400 or a total of $17,700.

Defendants' argument follows a theme which has been rejected by this court in a number of cases, hereinafter referred to.

Defendants say that, since § 85.31 specifically deals with benefits payable in case of death, the benefits payable for decedent's death *must* be computed in accordance with that statute. Plaintiff, on the other hand, contends § 85.36(5) is the proper section under which benefits should be determined, pointing out that the terms "injury" and "personal injury" as used in the act include death resulting from personal injury. *See* § 85.61(5).

The conclusion reached by the trial court, and the one which claimant urges upon us here, has been accepted by this court in *Stines v. Farmers Lumber and Supply Co.,* 251 Iowa 320, 322–323, 100 N.W.2d 415, 416 (1960); *Harvey v. Rocklin Mfg. Co.,* 237 Iowa 1058, 1062–1064, 24 N.W.2d 402, 404–405 (1946); *Shuttleworth v. Interstate Power Co.,* 217 Iowa 398, 401–402, 251 N.W. 727, 728–729 (1933).

While defendants' argument might otherwise be persuasive, this line of authority precludes the result for which they contend. Defendant concedes the cases heretofore cited are controlling authority for the award made by the district court but asks us now to overrule them. We decline to do so.

Further discussion of this question would serve no purpose in view of the fact the 65th General Assembly amended § 85.36 in 1973 to clarify the manner in which employees like the decedent should be compensated. Ch. 144 § 12, 65th G.A. (1973). We hold the death benefits were properly computed under § 85.36(5), The Code, 1971, and the judgment is accordingly affirmed.

Affirmed.