577 N.W.2d 643 (1998)
Upon the Petition of
Christine R. MYERS-THOMPSON, Plaintiff,
And Concerning
Bryan D. Thompson, Defendant.
D.M.H., A Minor Child, by His Father and Next Friend, David J. HEFEL and T.J.M., A Minor Child, by Her Father and Next Friend, Richard A. Bartolomei, Appellants,
v.
Bryan D. THOMPSON and Christine R. Myers-Thompson, Appellees.
No. 96-1397.
Supreme Court of Iowa.
April 22, 1998.
Jerry Foxhoven and Richard A. Bartolomei, Des Moines, for appellants.
Leslie Babich of Babich, McConnell & Renzo, P.C., Des Moines, for appellee Christine Myers-Thompson
No appearance by appellee Bryan Thompson.
Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.
LAVORATO, Justice.
This appeal presents the following question: Do children under age eighteen have a right of action for relief against domestic abuse when they witness such abuse against family or household members? We hold they do not. We therefore affirm the district court's dismissal of third-party petitions brought by noncustodial parents on behalf of *644 their children who witnessed domestic abuse against their mother by their step-father.

I. Facts.

Christine F. Myers-Thompson and David J. Hefel are the parents of Daniel M. Hefel, a nine-year-old child. Christine and Richard A. Bartolomei are the parents of Taylor J. Myers, a seven-year-old child. David and Christine share joint legal custody of Daniel pursuant to a dissolution of marriage decree. Richard and Christine likewise share joint legal custody of Taylor pursuant to a dissolution of marriage decree.
Daniel and Taylor live with Christine and her husband, Bryan A. Thompson. Christine and Bryan have a three-year-old child, Tanner J. Thompson, who also lives in the home.

II. Proceedings.

On February 26, 1996, Christine filed a petition for relief from domestic abuse against Bryan. See Iowa Code § 236.3 (Supp.1995). Although Iowa Code section 236.3(6) requires that the petition state the name and age of each child under eighteen whose welfare might be affected by the controversy, Christine did not mention Daniel and Taylor in the petition. Two days later, the district court entered a temporary protective order enjoining and restraining Bryan from entering, residing or being present in the household except for the purpose of picking up and delivering Tanner for visitation.
On May 1, 1996, David filed a "third-party petition for protection and relief from domestic abuse" on behalf of his minor child, Daniel. On the same day, Richard filed a similar petition on behalf of his minor child, Taylor. David's petition alleged that Daniel was being harmed when he witnessed the physical and verbal abuse between Christine and Bryan. As a consequence of this fear of harm to Daniel, David sought temporary and permanent relief under Iowa Code chapter 236. Richard's petition made similar allegations regarding his daughter, Taylor, and sought similar relief.
The district court set both petitions for hearing. One day before the hearing, Christine and Bryan dismissed Christine's domestic abuse petition. Christine then moved to dismiss the two third-party petitions filed by David and Richard. Later, the district court granted the motion in a terse calendar entry.
David and Richard appeal from this ruling, raising numerous grounds. Christine responds with numerous legal arguments to support the district court ruling. Because it is dispositive, we need address only one of Christine's arguments: Chapter 236 simply does not afford relief under the facts alleged in the third-party petitions.

III. Scope of Review.

Rulings on motions to dismiss do not depend on the district court's discretion. Weber v. Madison, 251 N.W.2d 523, 525 (Iowa 1977). Such rulings rest on legal grounds. Id. Accordingly, our review is for correction of errors at law. Iowa R.App. P. 4. The district court may grant a motion to dismiss only when the petition fails to state a claim on which any relief can be granted under any state of facts provable under the allegations. Brumage v. Woodsmall, 444 N.W.2d 68, 68-69 (Iowa 1989). In making this determination, the district court accepts as true the allegations in the petition and must construe those allegations in a light most favorable to the nonmoving party. Id.

IV. Does Iowa Code Chapter 236 Apply?

The critical allegations in both third-party petitions relate to the children's witnessing Bryan physically abusing Christine. Christine contends that "domestic abuse" as defined in chapter 236 simply does not contemplate a situation in which minor children witness domestic abuse between family and household members such as Christine and Bryan. We agree.
A. Applicable law. Iowa Code section 236.2(2) (Supp.1995) defines "domestic abuse" in relevant part as follows:

"Domestic abuse" means committing assault as defined in section 708.1 under any of the following circumstances:

a. The assault is between family or household members who resided together at the time of the assault.
*645 Iowa Code section 236.2(4) (Supp.1995) defines "family or household members" and distinguishes between those included within the definition and those excluded:

a. "Family or household members" means spouses, persons cohabiting, parents, or other persons related by consanguinity or affinity.

b. "Family or household members" does not include children under age eighteen of persons listed in paragraph "a".
At first blush, it seems section 236.2(4)(b) (Supp.1995) excludes children under age eighteen from chapter 236 coverage. Yet Iowa Code section 236.3 (Supp.1995) seems to include this group: "A person, including a parent or guardian on behalf of an unemancipated minor, may seek relief from domestic abuse by filing a verified petition in district court." Iowa Code § 236.3 (Supp.1995).
If two statutes conflict, we strive to give effect to both in arriving at legislative intent. Iowa Code § 4.7 (1995). To resolve the conflict we may consider such matters as the object the legislature sought to attain, the circumstances under which the statutes were enacted, legislative history, and the consequences of a particular construction. Iowa Code § 4.6(1), (2), (3), (5).
In 1995 the legislature amended chapter 236. See 1995 Iowa Acts ch. 180, § 7. Before the amendments, Iowa Code section 236.2(4) (1995) defined "Family or household members" to include "spouses, persons cohabiting, parents, or other persons related by consanguinity or affinity, except children under eighteen." (Emphasis added.) Thus, before 1995, children under eighteen had no right of action for relief against domestic abuse. In addition, children under eighteen were not subject to the Iowa Code chapter 236 sanctions for domestic abuse. This is because domestic abuse could only occur between family or household members and children under eighteen were excluded from the definition of "family or household members."
In August 1994, our task force on domestic abuse filed its report. See Final Report of the Supreme Court Task Force on Courts' and Communities' Response to Domestic Abuse (1994) (Report). The Report made the following pertinent recommendations:
53. The definition of domestic abuse at. . . Iowa Code § 236.2(2) (1995) should be expanded to encompass juveniles under 18 who are married, living together, or have children in common.

. . . The Task Force believes that this provision should be revised to explicitly include juveniles, consistent with the trend in the law to treat juveniles who participate in adult activities as adults.
54. In cases where the petitioner is a juvenile not emancipated through marriage, a provision should be added to Chapter 236, allowing parent, guardian or other representative to file a petition on behalf of a child against a family or household member who commits an act of domestic violence.

Report, at 83.
In short, under these recommendations, juveniles under eighteen living in an adult relationship would not only have the protection, as victims, of chapter 236 but would also be subject, as offenders, to the chapter 236 sanctions against domestic abuse. Persons under age eighteen who are married would be entitled to bring actions in their own names for relief against domestic abuse. This is because such persons attain their majority through marriage. See Iowa Code § 599.1 ("The period of minority extends to the age of eighteen years, but all minors attain their majority by marriage."). Persons under age eighteen who are not married but are simply cohabiting could not bring such an action in their own names. Parents or guardians would have to bring the action on their behalf. See Iowa R. Civ. P. 12 ("An action of a minor . . . shall be brought by the. . . person's guardian if there is one; otherwise the minor may sue by a next friend. . . .").
In 1995, the legislature amended Iowa Code section 236.2(4) (1995) by dividing the definition of "family or household members" into two subsections:

a. "Family or household members" means spouses, persons cohabiting, parents, or other persons related by consanguinity or affinity.

*646 b. "Family or household members" does not include children under age eighteen of persons listed in paragraph "a".
1995 Iowa Acts ch. 180, § 7.
This amendment subjects to chapter 236 sanctions those persons under age eighteen who commit domestic abuse assault against persons to whom they are married or with whom they are cohabiting. This follows for several reasons. First, domestic abuse can only occur between family or household members. Second, exclusions from chapter 236 sanctions apply only to children of family or household members. Last, persons under age eighteen who commit domestic abuse against their spouses or persons with whom they are cohabiting do not fit this exclusion: they are not children of family or household members who have committed domestic abuse. Rather they are persons who have themselves committed domestic abuse and are therefore subject to chapter 236 sanctions.
Using similar reasoning, we think the amendment affords a right of action against domestic abuse to married persons under age eighteen and children under eighteen who are cohabiting. First, as mentioned, domestic abuse can only occur between family or household members. Second, children of family or household members are excluded from the definition of family or household members. Last, married persons under age eighteen and persons under eighteen who are cohabiting and who are themselves the victims of domestic abuse do not fit this exclusion. They are entitled to relief from the domestic abuse inflicted upon them.
All of this becomes more apparent when one considers the other pertinent amendment to chapter 236. The legislature amended Iowa Code section 236.3 (1995) to permit a parent or guardian to file a petition on behalf of an unemancipated minor for relief against domestic abuse. 1995 Iowa Acts ch. 180, § 8. The explanation to the bill states: "Section 236.3 is amended to allow a parent or guardian to file a domestic abuse action on behalf of an unemancipated juvenile." Before the amendment, section 236.3 (1995) simply provided that "[a] person may seek relief from domestic abuse." The amendment is needed in those instances where unemancipated minors are cohabiting and suffer domestic abuse at the hands of their partners. The victims in these circumstances have not reached majority. See Iowa Code § 599.1. And such victims may still be unemancipated. See Vaupel v. Bellach, 261 Iowa 376, 379, 154 N.W.2d 149, 150 (1967) ("`Emancipation' as the term is used in the law of parent and child means the freeing of the child from the custody of the parent and from the obligation to provide services to [the parent]."). Because of their minority and unemancipated status, such victims cannot sue in their own name; they need a parent or guardian to bring the action on their behalf. Emancipated persons under the age of eighteen are not under the disability of minority and for that reason could sue in their own names.
We think by the two amendments the legislature expanded chapter 236 protection to only those (1) persons under eighteen who are assaulted by spouses and (2) persons under eighteen who are either emancipated or unemancipated and are assaulted by the person with whom they are simply cohabiting. The conclusions we reach harmonize Iowa Code sections 236.2(4) (Supp.1995) and 236.3 (Supp.1995). The amendments are also consistent with recommendations 53 and 54 of the Report. We think the legislature intended to incorporate those recommendations by way of the amendments we have discussed.
The amendments, however, extend no right of action to children under age eighteen who witness domestic abuse between family or household members. Again this is because domestic abuse can only occur between family and household members and the law expressly excludes from the definition of family or household members children of this class. Children who witness domestic abuse between family or household members are clearly within this exclusion. This, however, does not mean that these children have no protection against domestic abuse.
For example, Part V of the Report addresses the needs of such children. Report, at 91. Part V is entitled "The Forgotten Victims: Children and Domestic Abuse." Id. Significantly, Part V makes no recommendations *647 to expand chapter 236 protection to these children. Rather, the Report recommends that all judicial officers who are made aware of domestic abuse consider using statutory provisions to protect these children:
60. Child protective service workers, other Department of Human Services workers, prosecutors, and judges should consider the purpose of § 726.6(3) ["A person who commits child endangerment not resulting in serious injury to a child or minor is guilty of an aggravated misdemeanor."] in all proceedings in which there is a finding that a parent has been abused.

This could include child in need of assistance actions, termination of parental rights proceedings, criminal actions other than Child Endangerment, where the nonabusing parent is said to have "aided and abetted" the criminal behavior of the abusing parent.
Report, at 97.
In short, the Report concludes other statutory provisions are sufficient to protect children who witness domestic abuse between family or household members and reminds judicial officers to seek enforcement of these provisions. In 1995, an amendment to Iowa Code section 598.41(3) made a history of domestic abuse an additional factor in child custody determinations in dissolution of marriage proceedings. See 1995 Iowa Acts ch. 182, § 23 (now codified at Iowa Code § 598.41(3)(j) (1997)). This additional factor also applies to proceedings for modification of child custody decrees. See id. § 24 (now codified at Iowa Code § 598.41(7) (1997)). Thus, judicial officers have an additional option to protect children from domestic abuse.
Chapter 236 does, however, have a provision geared to the protection of children living in a home where there is domestic abuse between the parents. For example, Iowa Code section 236.5 (1997) provides in relevant part:
Upon a finding that the defendant has engaged in domestic abuse:
....
2. The court may grant a protection order or approve a consent agreement which may contain but is not limited to any of the following provisions:

a. That the defendant cease domestic abuse of the plaintiff.

b. That the defendant grant possession of the residence to the plaintiff to the exclusion of the defendant or that the defendant provide suitable alternate housing for the plaintiff.

c. That the defendant stay away from the plaintiff's residence, school, or place of employment.

d. The awarding of temporary custody of or establishing temporary visitation rights with regard to children under eighteen. In awarding temporary custody or temporary visitation rights, the court shall give primary consideration to the safety of the victim and the children. If the court finds that the safety of the victim or the children will be jeopardized by unsupervised or unrestricted visitation, the court shall condition or restrict visitation as to the time, place, duration, or supervision, or deny visitation entirely, as needed to guard the safety of the victim and the children. The court shall also investigate whether any other existing orders awarding custody or visitation rights should be modified.
The protections flowing from these provisions depend, however, on the abused parent's right of action for relief against domestic abuse.
B. The merits. The allegations of the third-party petitions taken as true establish the following facts. Daniel and Taylor are under age eighteen. Both children witnessed the assault against their mother. Neither was living in an adult relationship in which they themselves were abused. Rather they were living with their mother, Christine, and their stepfather, Bryan, when Bryan assaulted Christine. From these facts, it follows that the third-party petitions fail to state a claim on which any relief can be granted under any state of facts provable under the allegations.
Before concluding, we briefly address Christine's claim for attorney fees. Suffice it to say we reject the claim because it has no basis in law or fact. There is neither a *648 statute nor contract that allows attorney fees under the circumstances here. See Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co., 510 N.W.2d 153, 158 (Iowa 1993) (holding that generally party has no claim for attorney fees as damages in absence of statute or contract). At common law in rare instances a prevailing party had such a claim where the losing party had acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Id. We fail to see how the fathers' actions here rise to that level.

V. Disposition.

Because the third-party petitions fail to state a claim on which any relief can be granted under any state of facts provable under the allegations, we conclude the district court correctly granted Christine's motion to dismiss. Finding no error, we affirm.
AFFIRMED.