## STONE v. STONE.
### No. 31281. Jan. 25, 1944.
. 145 P. 2d 212.

F. L. Welch, of Antlers, for plaintiff in error.

Porter Newman, of Durant, for defendant in error.

HURST, J. On November 25, 1938, plaintiff, Clifford Stone, then 18 years of age, and defendant, Pauline Stone, then 17 years of age, were married. Plaintiff's parents did not consent to his marriage, and in obtaining the license therefor he gave his age as 21 and that of Pauline Stone as 18. On May 9, 1939, defendant gave birth to a child. On January 20, 1941, plaintiff, by his mother as next friend, instituted this action to annul the marriage. During its pendency he arrived at his majority and thereafter prosecuted the same in his own name. He alleged that he had been coerced into the marriage; that the sheriff of Pushmataha county had arrested him and charged him with being the father of defendant's unborn child; that the charge was untrue; that the sheriff, without giving him an opportunity to communicate with his family or friends, had given him over to the custody of the mother of defendant, who took plaintiff and defendant to Hugo, procured a marriage license for them, and had the ceremony performed; that the parties had never lived together as husband and wife; and that on November 25, 1938, by reason of his minority, he was incapable of entering into a marriage contract. He prayed that the marriage be annulled. Defendant, by her answer, denied that plaintiff had married her against his will, but asserted that she and plaintiff had been high school sweethearts; that he was the father of her child; and that they were married pursuant to his wish after he learned of her pregnancy. She prayed that he be required to support the child and bear the expenses incurred incident to its birth.

At the trial the evidence was in conflict. Plaintiff admitted that he kept

company with defendant and made love to her, but denied that they had been intimate. His testimony in regard to the coercion was substantially as alleged in his petition. On the other hand, the sheriff denied that he informed plaintiff that he was charged with any offense, but testified that in company with defendant's mother, and at her request, he talked with plaintiff, that plaintiff expressed a desire to talk to defendant and that they went to her home to permit him to do so; that upon their arrival there plaintiff and defendant went into a room and talked privately; that thereafter plaintiff expressed a desire to "do the right thing," and that he left plaintiff, defendant, and defendant's mother still talking the matter over. Defendant testified that she and plaintiff were sweethearts, that he was the father of her child, and that when he came to talk to her he expressed a desire to marry her. Her mother and grandmother corroborated her testimony.

It is conceded that on November 25, 1938, plaintiff, defendant, and defendant's mother went in an automobile to Hugo; that plaintiff went into the courthouse alone and procured the license with money furnished by defendant's mother; that after the marriage ceremony they returned to Antlers; and that plaintiff and defendant never lived together thereafter as husband and wife.

At the conclusion of the testimony the defendant requested the court to find that the child was legitimate, to award its custody to the defendant, and to compel plaintiff to contribute to its support and to pay the expenses incident to its birth and a reasonable attorney fee for her attorney. The trial court made no such finding. The child is not mentioned in the decree. Although finding that the sheriff of Pustmataha county had taken plaintiff to defendant's mother and that she had advised him that he would have to marry defendant, the trial court annulled the marriage solely on the ground of plaintiff's minority. The court required plaintiff to pay a temporary attorney fee of $25 for defendant's attorney. The plaintiff is now in the army.

1.   Plaintiff has moved to dismiss the appeal on the ground that defendant has not complied with the provisions of 12 O.S. 1941 § 1280, requiring written notice of appeal in divorce cases and the perfection of the appeal within four months of the entry of the decree. That statute, by its terms, is confined to appeals from judgments granting a divorce, and has no application to appeals from decrees of annulment. The cases cited by plaintiff are divorce cases and have no application here. We decline, therefore, to dismiss the appeal, and the motion is overruled.

2.   Although by her answer defendant asserted the validity of the marriage, she does not complain here of the action of the trial court in annulling the marriage. She complains rather of its failure to pass upon the legitimacy of the child, and its failure to require the plaintiff to pay for its future support, the expenses of its birth, and reasonable attorneys fees for defendant's attorney.

In determining the legitimacy of the child we are guided by certain well-settled rules of law. A marriage entered into by persons prohibited from marrying under the provisions of 43 O. S. 1941 § 3 is voidable only and not void. Puntka v. Puntka, 174 Okla. 517, 50 P. 2d 1092; Hughes v. Kano, 68 Okla. 203, 173 P. 447; Hunt v. Hunt, 23 Okla. 490, 100 P. 541, 22 L. R. A. (N.S.) 1202. A child born during wedlock, whether conceived before or after the marriage, is presumed to be legitimate and this presumption may be overcome only by strong and conclusive evidence. 10 O. S. 1941 §§ 1, 3; Davis v. Davis, 169 Okla. 133, 36 P. 2d 471. And the subsequent annulment of a marriage has no effect on the legitimacy of a child of the marriage theretofore begotten. 12 O. S. 1941 § 1283.

It follows that the child of plaintiff and defendant, having been born during the period of the existence of their marriage, is presumed to be legitimate. Plaintiff's evidence, when considered

with that of defendant, falls far short of that necessary to overcome this presumption.

The question, then, is whether the trial court erred in failing to make provision for the future support of the child and in failing to require plaintiff to pay the expense incident to the birth of the child and a reasonable attorney fee for defendant's attorney. In the case of Hunt v. Hunt, above, we held that in a suit by a husband to annul a voidable marriage the court might "make and enforce an order requiring him to pay a reasonable allowance for the maintenance and support of his wife and a child born of such marriage, and a reasonable allowance for suit money to enable her to defend." In that case, future support of the child was apparently not sought and the support money allowed was only for the period preceding the annulment. However, we quoted therein from the leading case of Willits v. Willits, 76 Neb. 228, 107 N. W. 379, 5 L. R. A. (N.S.) 767, 14 Ann. Cas. 883, wherein the future support of such a child was decreed, and we approved the reasoning of the Nebraska court. And we have subsequently construed the Hunt Case as intimating that it might be proper to compel the father, in such a case, to contribute to the future support of the child. Whitebird v. Luckey, 180 Okla. 1, 67 P. 2d 775, 110 A. L. R. 1279, and note.

While we apparently have no statute on the subject, we are of the opinion that the provision of 12 O. S. 1941 § 1283, declaring that the children of the voidable marriage shall be legitimate, must be deemed to impliedly grant the power to provide for the future custody and support of such children when avoiding the marriage. The Supreme Court of Arkansas has so construed a similar statute, saying that "while the law permits him to be relieved of his obligations as a husband, it does not relieve him from those of a father." Kibler v. Kibler, 180 Ark. 1152, 24 S. W. 2d 867. And it is settled by our previous decisions that suit money and attorney fees may also be allowed in such a case. Whitebird v. Luckey, above; Hunt v. Hunt, above. See, also, 4 A. L. R. 926 and 110 A. L. R. 1283, annotation.

The judgment is affirmed insofar as the marriage is annulled, and the cause is remanded with directions to adjudge that the child is legitimate, to award its custody to defendant, and to take evidence as to the financial responsibility of the plaintiff and to fix the amount which he shall pay for the support of the child, the expenses incident to its birth, and a reasonable attorney fee for defendant's attorney.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., absent.