**William Donald GREENWOOD, Plaintiff in Error,**

v.

**Lucretia Arlene GREENWOOD, Defendant in Error.**

**No. 40225.**

Supreme Court of Oklahoma.

Dec. 17, 1963.

Keith Cooper, Horsley, Epton & Culp, Wewoka, for plaintiff in error.

Robert M. Tawney, Bishop & Bishop, Seminole, for defendant in error.

PER CURIAM.

Lucretia Arlene Greenwood, hereinafter referred to as plaintiff, instituted this action against William Donald Greenwood, hereinafter referred to as defendant, for divorce. The defendant filed a cross-petition asking that the marriage be annulled.

The record discloses that on or about the 10th day of December, 1960, the plaintiff left her then husband, Billy Joe Winn, in the State of Florida and returned to Seminole County, Oklahoma. Subsequent to the 1st of January, 1961, plaintiff met defendant and began dating him. The plaintiff testified that this meeting occurred the first part

of January. The defendant testified that it was on or after the 15th day of February, 1961. After the third date plaintiff, then seventeen years of age, had sexual relations with defendant who was then thirty. Sometime in the month of February plaintiff suspected that she might be pregnant. She discussed this with defendant. They agreed that plaintiff would divorce Billy Joe Winn and then they would be married. Subsequently plaintiff obtained such divorce. On March 20, 1961, the plaintiff and defendant were married in Joplin, Missouri. On the 14th day of July, 1961, plaintiff instituted the suit for divorce from which the present appeal arises. On the 10th day of October, 1961, plaintiff gave birth to the child here involved. On the 28th day of November, 1961, the parties appeared for trial and presented their evidence. In its judgment the trial court annulled the marriage, found that the parties were the parents of the child, granted custody to plaintiff and ordered defendant to pay child support in the sum of $40.00 per month.

Defendant's first proposition for reversal is that "upon the pleadings and the law applicable thereto, the judgment of annulment, determination of paternity, order for support, hospital and doctor bills and attorneys' fees is contrary to law and is void. Accordingly, the decree granting annulment to plaintiff, awarding her attorneys' fees, child support, hospital and doctor bills and court costs should be vacated."

At the trial of the case the pivotal question was the date of the first meeting of plaintiff and defendant. Such is important as the child, if born after a normal gestation period, would have been conceived in the month of January. The defendant contends that the plaintiff was pregnant prior to their first meeting. Although the defendant maintains that the child was conceived by the plaintiff at a time when she was still married to Winn, the evidence is undisputed and uncontradicted that the plaintiff, after leaving her husband in Florida in December, 1960, did not again see him until August of 1961. The defendant relies upon

Kirk v. Kirk, 205 Okl. 482, 238 P.2d 808. We have examined such case and find that it is not applicable to the facts in this case. In the Kirk case the marriage was void and in the present cause it was voidable.

■ In the case of Plummer v. Davis, 169 Okl. 374, 36 P.2d 938, in the first paragraph of the syllabus, we held:

"A remarriage by a divorcee within six months from the date of the divorce decree is voidable, but not void."

In the instant case there is no question but that the trial court had jurisdiction of the parties and of the child which was born during the marriage relationship of the parties.

■ In the third and fourth paragraphs of the syllabus in the case of Stone v. Stone, 193 Okl. 458, 145 P.2d 212, we held:

"A child born during wedlock, whether conceived before or after the marriage, is presumed to be legitimate and such presumption may be overcome only by strong and conclusive proof."

"Where, in an action by the husband to annul a marriage, the rights of a legitimate minor child are involved, the court may require the husband, where able, to make reasonable provision for the support of the wife and child pending the suit, the future custody, support and education of the child, the expenses incident to the birth of the child, and reasonable suit money to enable her to defend."

For his second proposition the defendant urges that "the evidence is wholly insufficient to overcome the statutory presumption that all children of a woman who has been married, born within ten months after the dissolution of the marriage are presumed to be legitimate children of that marriage." Defendant relies upon the case of Jackson v. Jackson, 182 Okl. 74, 76 P.2d 1062, to support such proposition. In that case the court said:

" * * * It is now quite generally held that the presumption of legitima-

cy as is provided in section 1682, supra [10 O.S.1961 § 2], may be overcome by evidence of such facts and circumstances as are sufficient to prove to the satisfaction of those who are to decide the question that copulation did not take place between the husband and wife at any time when by such copulation the husband could, by the laws of nature, be the father of the child whose legitimacy is in question.

"Excepting a difference in race or color between the child and the husband of its mother, evidence satisfactorily showing any one of the following facts is sufficient to overcome the presumption of legitimacy: * * * (2) that he was entirely absent from his wife during the entire period within which the child must have been begotten * * *."

■ As has been noted hereinabove, the evidence of the plaintiff without contradiction showed the absence of the plaintiff from her former husband, Winn, during such period. We determine that the trial court did not err in holding that any presumption that the child was the daughter of Winn was overcome by such evidence

Such court resolved the question as to when the plaintiff and the defendant first met and began their relationship in favor of the plaintiff and against the defendant, and found that the defendant was the father of the child.

In Jackson v. Jackson, supra, we said:

"The trial court had the witnesses before him where he could observe their demeanor on the witness stand, and upon consideration of all of the evidence, facts, and circumstances in evidence found against the marriage."

Applying that rule in this case we find that the judgment rendered by the trial court is amply supported by and is not clearly against the weight of the evidence.

Judgment affirmed.

The Court acknowledges the aid of Supernumerary Judge W. LESLIE WEBB in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.