584 P.2d 104 (1978)
In re the MARRIAGE OF Dennis E. FETTERS, Appellant,
Joan R. Fetters, Appellee.
No. 77-853.
Colorado Court of Appeals, Div. II.
August 24, 1978.
*105 John F. Cook, Aurora, for appellant.
John E. Popovich, Jr., Denver, for appellee.
ENOCH, Judge.
The husband appeals, and the wife cross-appeals, from a court order reinstating husband's support obligation for their minor child. We affirm.
Pursuant to a 1973 dissolution of marriage decree, husband was obligated to pay $150 per month support for his minor daughter. In June 1976, the daughter, age 16 at the time, traveled to Oklahoma, falsified her age, and married James Hicks without her parents' prior consent. Within a month, the young couple returned to Colorado, and took up residence with the wife. On February 18, 1977, the daughter was granted a decree of annulment by a court in Oklahoma based on her verified petition that she was under age and lacked parental consent at the time of her marriage.
Husband terminated child support payments after the daughter's marriage. Subsequent to the annulment, the wife filed motions for reinstatement of support and for a contempt citation against the husband, alleging non-payment of $1,500 in support. At the time of the hearing, the daughter was residing with the wife and attending high school.
The court found that the husband was relieved of the obligation to provide child support during the period the daughter remained married, but that the obligation was reinstated upon the annulment of her marriage. The husband's child support obligation was revived as of March 1, 1977, and he was held to be $600 in arrears as of the date of the hearing.

I.
In her cross-appeal, the wife asserts that support payments were due throughout the period of the daughter's marriage because the marriage was void ab initio. We disagree.
Child support provisions under a dissolution decree are normally terminated by emancipation of the minor child. Section *106 XX-XX-XXX(3), C.R.S.1973. Emancipation occurs automatically upon the valid marriage of the minor child. See generally 59 Am.Jur.2d Parent and Child § 96. Berglund v. Berglund, 28 Colo.App. 382, 474 P.2d 800. The validity of a marriage is tested under the laws of the jurisdiction where the marriage took place. Payne v. Payne, 121 Colo. 212, 214 P.2d 495. Under Oklahoma law, this marriage was voidable, not void ab initio, and a legal status attached to the marriage until set aside by the annulment action. See 12 Okla.Stat. Ann. § 1283; Hunt v. Hunt, 23 Okl. 490, 100 P. 541; See also Portwood v. Portwood, 109 S.W.2d 515 (Tex.Civ.App.), construing the substantially similar predecessor of the present Oklahoma statute. Thus, the daughter was emancipated at the time of, and throughout the period of, her marriage. Consequently, the trial court was correct in holding that the husband was not obligated to provide child support during the marriage of his daughter.

II.
The husband contends that the court erred in its determination that a child once emancipated by marriage could become unemancipated by the subsequent annulment of that marriage. We disagree.
As stated above, emancipation occurs automatically upon the marriage of a minor child. However, emancipation is not necessarily a continuing status; rather, it may be terminated at any time during the child's minority. See Vaupel v. Bellach, 261 Iowa 376, 154 N.W.2d 149. Here, the daughter's emancipation resulted not from her financial independence or her residence away from home, but from the creation of a new relationshipmarriage"which is inconsistent with the continuation of parental and filial legal rights and obligations." See In re Marriage of Weisbart, Colo.App., 564 P.2d 961. On February 18, 1977, this relationship was declared void. Because her marriage was no longer recognized as valid, and because she was but 16 and living with and dependent upon her mother for support, the daughter's emancipated status terminated at that time. Cf. 59 Am.Jur.2d Parent and Child, § 96. Consequently, respondent's support obligations were revived.

III.
The husband also contends that his minor daughter should be required to seek support from her former husband under Oklahoma law before petitioner can seek reinstatement of child support payments from him. We do not agree with this interpretation of Oklahoma law.
Although he cites no authority in his brief in support of this contention, the record indicates that the husband relied on Stone v. Stone, 193 Okl. 458, 145 P.2d 212, for the proposition that his daughter has a right to permanent alimony from her former husband. However, in a later decision, the Oklahoma Supreme Court interpreted Stone to provide, at most, spousal support only during the pendency of the annulment action. Greenwood v. Greenwood, 387 P.2d 615 (Okl.). The rule which still prevails in Oklahoma is that permanent alimony cannot be awarded in an annulment action. Whitebird v. Luckey, 180 Okl. 1, 67 P.2d 775. Thus, the minor daughter would not be entitled to alimony and cannot be required to seek support from her former husband before support is sought from her father.
Judgment affirmed.
RULAND and STERNBERG, JJ., concur.