**Sylvia F. FERNANDEZ, Appellant,**

v.

**Raul G. FERNANDEZ, Appellee.**

**No. 08–86–00052–CV.**

Court of Appeals of Texas,
El Paso.

Oct. 8, 1986.

Rehearing Denied Nov. 5, 1986.

E.K. Peticolas, Peticolas, Broaddus & Shapleigh, El Paso, for appellant.

James S. Wilkins, Law Offices of Wright & Wilkins, San Antonio, for appellee.

Before OSBORN, C.J., and ARMENDARIZ and FULLER, JJ.

OPINION

FULLER, Justice.

Appellant filed a motion for contempt and for other relief against Appellee, her

former husband, for failure to pay child support as ordered for their daughter, Jo-Ann Fernandez. Appellee's sole defense as pled and argued was that the minor child had married, thereby was emancipated, and that his duty of support therefore ended. The trial court agreed, even though the child's marriage had been annulled. We affirm in part, and reverse and render in part.

The sparse amount of largely uncontested evidence showed that the minor daughter, at fourteen years of age, married under a belief that she was pregnant. Sixty days thereafter, the parties separated after discovery that she was not expecting a child. Annulment of the marriage followed some months later. The natural mother then filed the motion for contempt against the natural father for his failure to pay the court-ordered child support. The father's defense was that the minor child became emancipated when she married, and even though an annulment of that marriage took place, it in no way affected her emancipation; therefore, he owed no duty of support.

Appellant's Points of Error Nos. One and Two assert that the trial court erred in finding that the annulment of the marriage did not affect the minor daughter's emancipation, and also erred in finding no duty of support by the father after the minor daughter's marriage was annulled.

■ There is no question in our state that by virtue of the Tex.Fam.Code Ann. art. 4.03 (Vernon 1975), a married person becomes emancipated and has the power and capacity of an adult; otherwise, majority is not attained until age eighteen years. Tex.Civ.Prac. & Rem.Code sec. 129.001 (Vernon 1986). The duty of support terminates by marriage of the child. Tex.Fam. Code Ann. art. 14.05(d) (Vernon 1986). However, generally annulment voids ab initio the marriage. *Bruni v. State,* 669 S.W.2d 829 (Tex.App.—Austin 1984, no writ).

■ Appellant relies primarily on *Home of Holy Infancy v. Kaska,* 397 S.W.2d 208 (Tex.1965). In that case, Kaska's child was conceived before marriage, and Kaska then married the mother; but, before the child was born, the marriage was annulled. The mother placed the child for adoption, and Kaska filed a custody suit. If the relation-back doctrine applied, Kaska had no standing because the child would be illegitimate. In that case, the court refused to apply the relation-back doctrine as it would bastardize the child. 21 Sw.L.J. 50 (1967). Therefore, it is apparent that although a voidable marriage is void ab initio, it is really not void for all purposes, such as division of property and legitimacy of children. 5 Tex. Tech L.Rev. 314 (1974); *Home of Holy Infancy,* supra; *De Grummond v. Smith,* 168 S.W.2d 899, at 902 (Tex.Civ.App.— Eastland 1943, no writ).

In the instant case, Appellee's fourteen-year-old daughter, the product of a broken home, believed she was pregnant and then married. The marriage was annulled, and the minor daughter moved back with her mother who was unemployed, and sought work at a local pizza parlor. The minor daughter had a limited education, having left school in the ninth grade. She testified that her mother "buys me ... personal things. She buys my clothes. She buys my food, my shampoo, my toothbrush, my toothpaste." The Court notes that the motion to hold the natural father in contempt was filed under pauper's oath, whereby the natural mother stated she was unemployed and too poor to pay the court costs.

■ Should that marriage, which consisted of living with a husband for sixty days resulting in annulment of the marriage, forever free the natural father of any support obligation? In 1900, our Supreme Court in *State v. Deaton,* 93 Tex. 243, 54 S.W. 901, at 903, so aptly said, and it is worth repeating in this day and age:

> God, in his wisdom, has placed upon the father and mother the obligation to nurture, educate, protect and guide their offspring, and has qualified them to discharge those important duties by writing in their hearts sentiments of affection, and establishing between them and their

children ties which cannot exist between the children and any other persons.

Apparently, Appellee feels no legal or moral obligation to further support this child of a broken marriage.

On the record before this Court, we find that the annulment of the Appellee's minor daughter reinstated her minority and, also, reinstated Appellee's duty of support as provided in the previous court orders. We sustain Points of Error Nos. One and Two.

We affirm the trial court's decision on failure to find the Appellee in contempt; but, that part of the judgment finding the minor child emancipated and terminating Appellee's duty of child support is reversed and judgment is rendered that Appellee's duty of support is hereby reinstated effective from the date of the granting of the annulment of the marriage of the minor daughter, Jo-Ann Fernandez.