**Theresa Ann EYERMAN f/k/a Theresa Ann Thias, Appellant,**

v.

**Robert D. THIAS, Respondent.**

**No. 54511.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 15, 1988.

Marion Harvey Pines, and Mark S. Corman, Schramm & Pines, Clayton, for appellant.

B. Thomas Kearns, John J. Mohan Jr., Danis, Reid, Murphy, Garvin, Tobben, Schreiber & Mohan, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Theresa Ann Eyerman (mother), brought a motion to modify a divorce decree, seeking an increase in child support for her minor daughter. Robert D. Thias, mother's ex-husband and father of the daughter (father), filed a motion for summary judgment claiming that his duty of support ended when his daughter became emancipated as a result of her marriage. Mother appeals from the trial court's grant of that motion. We reverse and remand.

The marriage of the parties was dissolved by a decree of divorce on December 17, 1971. Pursuant to the decree, mother was awarded custody of the daughter, who was born March 23, 1970. Father was ordered to pay child support.

The daughter married on June 11, 1986. The marriage was annulled on April 7, 1987. The decree of annulment provided in pertinent part:

[I]t is ordered, adjudged and decreed by the Court that the marriage contract entered into between Plaintiff, [daughter] and said Defendant, [daughter's husband], on the 11th day of June, 1986 ..., be and the same is hereby declared null and void and of no effect *ab initio, and that plaintiff be restored to all the rights and privileges of an unmarried person.* (emphasis added).

On June 1, 1987, mother filed a motion to modify the divorce decree seeking an increase in child support. Father filed a motion for summary judgment claiming that his minor daughter had become emancipated by marriage thereby relieving him of any child support obligation. Mother claimed that the annulment of the daughter's marriage had reinstated father's obligation to pay child support.

The trial court granted father's motion for summary judgment ruling that the minor "has become emancipated as a result of her marriage ... on 11 June 1986." On appeal the issue presented is whether the annulment of the daughter's marriage during her minority reinstated her status as an unemancipated minor child.

Section 452.370.3, RSMo (1986) provides, "[U]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child."[1] Courts have

---

1. Section 452.340.2(4), RSMo (Supp.1988) repeals Section 452.370, RSMo (1986). Section 452.340.2(4), RSMo (Supp.1988) provides in pertinent part:

 Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child: ... (2) marries.

 In this opinion we use the term "emancipated." Although that term is not specifically included in the new law, it was the term used at the time this case was before the trial court.

consistently held that marriage is an exception to the rule that parents are required to support their children throughout their minority. Marriage emancipates an individual because it is a "status ... inconsistent with remaining subject to parental control." *Orth v. Orth*, 637 S.W.2d 201, 205 (Mo.App.1982).

 The annulment of a marriage voids the marriage *ab initio*. In the eyes of the law it is as if the marriage never existed. The law does not impose a duty of support of an ex-wife upon an ex-husband after the marriage is annulled because the annulment action by its very nature denies that a valid marriage ever existed. *Kruse v. Kruse*, 85 S.W.2d 214, 216–17 (Mo.App. 1935).

Father contends his daughter remains emancipated despite the subsequent annulment of her marriage. He cites *Meyer v. Meyer*, 493 S.W.2d 42 (Mo.App.1973), in support of this contention. *Meyer* held that a minor daughter's divorce did not undo the emancipation brought about by her marriage. The court reasoned that the daughter's husband had assumed legal responsibility for any support which his wife or any child of the marriage might require when he married the daughter, and the subsequent divorce did not necessarily terminate the husband's legal obligation. The *Meyer* court, therefore, did not reinstate father's support obligation following the minor daughter's divorce.

We question but need not reach the correctness of the *Meyer* opinion. The *Meyer* opinion based its conclusions on the fact that there was no showing that the minor daughter was not receiving alimony or child support from her ex-husband. Additionally, the court recognized the possibility that father's support obligation might be reinstated in the future through a separate equity action in which father's and the ex-husband's obligations would be balanced.

Conceptually it is difficult to distinguish between a seventeen year old ex-wife whose marriage has been dissolved and is in need of support versus a seventeen year old ex-wife whose marriage has been annulled and is need of support. Both are children in need of financial assistance. The idea that the ex-husband in such a dissolution proceeding would be able to pay adequate maintenance, while theoretically possible, is often unrealistic. Frequently the ex-husband is also a minor, barely able to support himself much less an ex-wife and/or child. In either situation if the parents are not required to resume their responsibility for their daughter's support during her minority, then no one will be responsible.

Moreover, *Meyer* is distinguishable because of the legal distinction between an annulment and a dissolution/divorce. A dissolution dissolves a valid marriage. An annulment, however, voids the marriage from the beginning; the law treats the parties as never having married. Accordingly, the legal definition of annulment supports the conclusion that the daughter's unemancipated status has been reinstated. *Fernandez v. Fernandez*, 717 S.W.2d 781, 783 (Tex.App.1986) [holding that the annulment of the minor daughter's marriage reinstated her unemancipated status and also reinstated the father's duty of support]; *compare Laird v. Swor*, 737 S.W.2d 601, 603 (Tex.App.1987) [holding that a father's support obligation terminated when his daughter married and was not reinstated when the daughter divorced while she was still a minor].

Father also cites *Glass v. Glass*, 546 S.W. 2d 738 (Mo.App.1977), to support his claim that his daughter became emancipated upon marriage, and that the subsequent annulment of the marriage did not undo her emancipation. In *Glass*, the adult ex-wife received alimony from her ex-husband pursuant to a divorce decree. The ex-wife remarried another man, and later that marriage was annulled. The court held that the first husband was not responsible for his former wife's support once his ex-wife remarried, and that the annulment of the ex-wife's second marriage did not restore the ex-wife's premarital status.

The new law, in essence, codifies the common law definition of emancipation.

Section 452.075, RSMo (1986) terminates the husband's support obligation upon the wife's remarriage. The *Glass* decision is distinguishable from the instant case. This case involves child support, whereas, the *Glass* case involved spousal support. The policy concerns regarding maintenance for an adult female versus support for a child are obviously different and require different legal treatment.

 We therefore hold that the trial court erred in declaring that the daughter was emancipated as a matter of law. The daughter's subsequent annulment of her marriage during her minority reinstated her status as an unemancipated minor child. The trial court's grant of summary judgment is reversed, and the case is remanded.[2]

REINHARD and CRIST, JJ., concur.

---

2. In 1988 the Missouri legislature enacted major changes in the area of child support. Under prior Missouri law, the age of emancipation for purposes of receiving child support had been twenty-one. The new statute, in contrast, terminates a parent's child support obligation when the child reaches age eighteen or graduates from a secondary school, whichever later occurs, or unless the child's status falls within another subsection of the statute. *See* Section 452.340.3, RSMo (Supp.1988). Because of the limited facts in the record and the narrow legal issue presented, we do not address the applicability of the new statute to this case on remand.