523 S.E.2d 840

STATE of West Virginia ex rel. DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU OF CHILD SUPPORT ENFORCEMENT, and Kerren Farmer, Plaintiffs,

v.

**Larry FARMER, Defendant.**

No. 26354.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1999.

Decided Nov. 19, 1999.

Heidi L. Talmage, Esq., Assistant General Counsel, Department of Health and Human Resources, Bureau for Child Support Enforcement, Charleston, West Virginia, Attorney for Plaintiffs.

Thomas E. Esposito, Esq., Esposito & Esposito, Logan, West Virginia, Attorney for Defendant.

MAYNARD, Justice:

In this case, we answer a certified question from the Circuit Court of Boone County. The certified question and the circuit court's answer are as follows:

> Is a minor child who was emancipated by marriage unemancipated and/or entitled to child support if divorced while under the age of 18?
>
> Answer of the circuit court: Yes.

This question arises from a motion for a judgment on the pleadings and order of certification filed in the circuit court by the West Virginia Department of Health and Human Resources, Bureau of Child Support Enforcement. Upon the agreement of the parties, the above question was certified to this Court by order entered March 2, 1999, pursuant to W.Va.Code § 58–5–2 (1998).[1]

---

**1.** W.Va.Code § 58–5–2 (1998) provides in relevant part:

Any question of law, including, but not limited to, questions arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party, may, in the discretion of the circuit court in which it arises, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back. The procedure for processing questions certified pursuant to this section shall be governed by rules of appellate procedure promulgated by the supreme court of appeals.

## I.

## FACTS

This case arose when the West Virginia Department of Health and Human Resources, Bureau of Child Support Enforcement (hereinafter "BCSE") and Kerren Farmer, the plaintiffs, filed a complaint, pursuant to W.Va.Code § 48A–5–1 (1995),[2] against Larry Farmer, the defendant, for the support of their seventeen-year-old daughter, Amy Farmer.[3] The facts giving rise to this action are as follows.

Kerren Farmer and Larry Farmer, the parents of Amy Farmer, divorced while Amy was a child.[4] Kerren was awarded custody of Amy. At the age of thirteen, Amy was permitted to marry Clarence Ferrell, an adult almost nine years her senior, by order of the Circuit Court of Logan County. The one disputed fact in this case is whether Kerren consented to her daughter's marriage. The BCSE states that Kerren "was present at that hearing, and endorsed the Court's order to issue the marriage license." According to Kerren, she informed the circuit court of the positive and negative aspects of the proposed marriage of her daughter and asked the circuit court to make the decision. The order of the Circuit Court of Logan County which issued the marriage license to Amy and Clarence states that "[t]he mother consents and believes it to be in the best interest of the child. The couple intends to move to Michigan and can live together with relatives only if married." Amy and Clarence were married in Boone County on March 28, 1993. Two children were born to the marriage.

By order of April 30, 1996, Amy and Clarence were granted a divorce in the Circuit Court of Boone County on the grounds of irreconcilable differences. The divorce order noted that the parties had last lived together in Boone County on or about September 5, 1994. According to the order, Amy was un-employed and Clarence had been employed in Michigan for several months at a job in which he earned minimum wage. The order awarded no alimony. Larry Farmer was not aware of Amy's marriage to Clarence until after the marriage ended.

At the time of the hearing on Kerren's action to reestablish child support, Amy resided with Kerren, the State had legal custody of Amy's children, and Kerren had physical custody. Kerren received Temporary Assistance to Needy Families (formerly AFDC) for Amy and her two children. The Family Law Master recommended as a matter of law that Amy was emancipated by her marriage and that her emancipation survived her divorce. Therefore, Amy was no longer a minor for whom child support could be received. The BCSE and Kerren presented the question, stated above, for review by the circuit court. The circuit court certified the question to this Court and answered it in the affirmative.

## II.

## STANDARD OF REVIEW

■ In syllabus point one of *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996), we stated: "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*"

## III.

## DISCUSSION

■ Prior to discussing the question before us, we find it necessary to address an issue raised by the plaintiffs in their brief to this Court. The plaintiffs note that our statute on emancipation, W.Va.Code § 49–7–27 (1977), provides that "[a] child *over the age of sixteen years* who marries shall be emancipated by operation of law." (Emphasis added). Because Amy was only thirteen years

2. W.Va.Code § 48A–5–1, which concerns actions for obtaining orders for child support of minor children, was amended in 1998. The amendment has no bearing on this case.

3. Amy Farmer was born January 24, 1980.

4. When Kerren Farmer and Larry Farmer divorced, the divorce order established child support for the parties' three children. The parties' two older children were over the age of eighteen when the plaintiffs filed their complaint for child support for Amy.

of age when she married, the plaintiffs argue that she was never emancipated by operation of law, and child support was owed to her even during marriage. If Amy was not emancipated by marriage, the question certified to this Court is moot.

W.Va.Code. § 49–7–27 (1977) is titled "Emancipation" and is located in our state code in the section concerning child welfare generally. The statute states in full:

A child over the age of sixteen may petition a court to be declared emancipated. The parents or custodians shall be made respondents and, in addition to personal service thereon, there shall be publication as a Class II legal advertisement in compliance with the provisions of article three [§ 59–3–1 et seq.], chapter fifty-nine of this Code. Upon a showing that such child can provide for his physical and financial well-being and has the ability to make decisions for himself, the court may for good cause shown declare the child emancipated. The child shall thereafter have full capacity to contract in his own right and the parents or custodians shall have no right to the custody and control of such child or duty to provide the child with care and financial support. A child over the age of sixteen years who marries shall be emancipated by operation of law. An emancipated child shall have all of the privileges, rights and duties of an adult, including the right of contract, except that such child shall remain a child as defined for the purposes of articles five and five-a [§§ 49–5–1 et seq. and 49–5A–1 et seq.] of this chapter.

The statute provides two methods by which a child over the age of sixteen may become emancipated, one of which is the marriage of the child. Upon emancipation, the child has all of the privileges, rights and duties of an adult, including the full capacity to contract in her own right. The only exception to this legal recognition of adulthood is that the child remains under the juvenile jurisdiction of the circuit court pursuant to W.Va.Code §§ 49–5–1 et seq. and 49–5A–1 et seq.[5] For

the parents or custodians of the child, emancipation means that they have no right to the custody or control of the child and no duty to provide the child with care and financial support.

Because the provisions of W.Va.Code § 49–7–27 concern the marriage of children, they must be read in *pari materia* with W.Va.Code § 48–1–1 (1982) which governs the age of consent for marriage. W.Va.Code § 48–1–1 provides:

The age of consent for marriage for both the male and the female shall be eighteen years of age. Any person under the age of eighteen must obtain the consent of the parent or legal guardian in whose custody that person is at the time of application for a marriage license. That consent shall be given to the clerk of the county commission by a writing duly acknowledged before an officer authorized to acknowledge a deed. No person under the age of sixteen may be issued a license except upon order of the circuit judge and with the consent of the parent or guardian: Provided, That a circuit judge of the circuit in which the application for a marriage license is filed may order the clerk to issue a license to any person under the age of sixteen if, in his discretion, the issuance of a license is in the best interest of the applicant and consent of the parent or guardian has been given in the manner required by this section.

This statute provides that the age of consent to marry is eighteen. A child between the ages of sixteen and eighteen must procure the consent of the parent or legal guardian who has custody of the child in order to obtain a marriage license. In order for a child under the age of sixteen to obtain a marriage license, a circuit court must, with the consent of the parent or guardian, order the county clerk to issue a marriage license to the child upon a finding that it is in her best interest.

The problem that confronts us in the instant case is that W.Va.Code § 48–1–1 provides that children under the age of sixteen

---

**5.** W.Va.Code §§ 49–5–1 *et seq.* concern juvenile proceedings, and W.Va.Code §§ 49–5A–1 *et seq.*

concern the juvenile referee system.

may marry, but W.Va.Code § 49–7–27, states only that a child *over the age of sixteen years* who marries shall be emancipated. This raises the question of whether a child under the age of sixteen who marries is emancipated from her parents. We believe that she is. As noted above, W.Va.Code § 48–1–1 provides for the marriage of children who are under the age of sixteen. Such children must, of necessity, enjoy the same emancipated status as children between the ages of sixteen and eighteen who marry. We do not believe the Legislature intended to provide that married children under the age of sixteen remain under the custody, control and care of their parents. Also, this Court has previously recognized that children below the age of sixteen who marry are emancipated. *See State v. Austin,* 160 W.Va. 337, 346, 234 S.E.2d 657, 663 (1977) (stating that "[o]nce the marriage is lawfully made, the [15–year-old] minor has a right to live with her husband and therefore has just cause to absent herself from her parents' home"). Accordingly, we conclude that a child under the age of sixteen who marries shall be emancipated by operation of law from his or her parents as provided for in W.Va.Code § 49–7–27 (1977).

◼ In the present case, the evidence indicates that Amy was married at age thirteen. Although Kerren now states that she did not consent to her daughter's marriage, the order of the circuit court states that "[t]he mother consents and believes it to be in the best interest of the child." Further, Kerren does not challenge the validity of Amy's marriage based on her lack of consent. Finally, even if Amy had married without her mother's consent, as mandated by W.Va.Code § 48–1–1, her marriage would not have been void for that reason. Failure to comply with the provisions of W.Va.Code § 48–1–1 does not render a marriage absolutely void, but void only from the entering of an order declaring it to be so. *Perkey v. Perkey,* 87 W.Va. 656, 106 S.E. 40 (1921); and *State v. Austin,* 160 W.Va. 337, 234 S.E.2d 657 (1977). We therefore conclude that Amy's marriage to Clarence when she was thirteen years of age emancipated her from her parents by operation of law. Accordingly, we now address the question certified to this Court.

◼ The plaintiffs take the position that because Amy was divorced when not yet eighteen years of age and was thereafter provided for by her mother, she should be considered unemancipated and entitled to child support from her father. According to the plaintiffs, emancipation due to marriage is not a continuing status but may be terminated if the marriage of the child ends and the child is again dependent upon her parents. *Citing Berks County Children and Youth Services v. Rowan,* 428 Pa.Super. 448, 631 A.2d 615 (1993); *Bickford v. Bickford,* 55 A.D.2d 719, 389 N.Y.S.2d 430 (1976); *Eyerman v. Thias,* 760 S.W.2d 187 (Mo.App.1988); *Fernandez v. Fernandez,* 717 S.W.2d 781 (Tex.App.1986); *Vaupel v. Bellach,* 261 Iowa 376, 154 N.W.2d 149 (1967); and *Wulff v. Wulff,* 243 Neb. 616, 500 N.W.2d 845 (1993); *In re Marriage of Schoby,* 26 Kan.App.2d 316, 982 P.2d 406 (1999); and *In the Matter of George,* 26 Kan.App.2d 336, 988 P.2d 251 (1999). The plaintiffs maintain that this is true regardless of whether the marriage ends by annulment or divorce. Second, the plaintiffs aver that both of the child's parents, not taxpayers or a divorced child's custodial parent alone, should meet the obligation of caring for their child. Finally, the plaintiffs note that W.Va.Code § 49–7–27 does not accord a married child all of the attributes of an adult. Rather, the child is still under the juvenile jurisdiction of the circuit court. For the following reasons, we disagree with the plaintiffs and hold that a child who is emancipated by marriage pursuant to W.Va.Code § 49–7–27 (1977) does not become unemancipated or entitled to child support if divorced while under the age of eighteen.

◼ Marriage automatically emancipates a child, in part, because marriage is a status inconsistent with parental control. *Orth v. Orth,* 637 S.W.2d 201, 205 (Mo.App.1982). The Legislature has recognized that an individual cannot fulfill the responsibilities and enjoy the benefits of marriage while remaining under the custody and control of her parents. Concomitant with the release from parental control is the loss of parental care and support. Consequently, a child who

 to marry essentially leaves behind the world of childhood with its attendant restrictions and benefits. In the words of our emancipation statute, an emancipated child "shall [with one exception] have all of the privileges, rights and duties of an adult, including the right of contract[.]" W.Va. Code § 49–7–27. By the act of marriage, therefore, a child indicates to not only her parents but also to all the world that from that point forward she intends to be treated as an adult.

Also, as noted above, our emancipation statute provides two ways in which a child may be emancipated. The first way is by petitioning a court to be declared emancipated. This requires a showing that the child can provide for her physical and financial well-being and has the ability to make decisions for herself. For a married child to be emancipated, however, there is no such requirement. Rather, a married child is *automatically* emancipated. This is partly because a child found sufficiently mature to enter into marriage is rightly presumed mature enough to be emancipated. We fail to see why a subsequent divorce should undo this emancipation.

Further, we find the cases cited to us by the plaintiffs to be inapposite to the instant facts. In *Vaupel*, the child was found to be unemancipated because he was unmarried, living at home, and dependent upon his mother at the time of the accident for which he was sought to be held liable as an adult. In contrast, Amy was married for several years. In *Berks County Children and Youth Services, supra,* the court held that marriage is not a conclusive factor in determining whether a child is emancipated, but is a factor to be considered under the totality of the circumstances. Likewise, in *In re Marriage of Schoby, supra,* the Court of Appeals of Kansas held that the marriage of a child does not automatically emancipate her. Under our law, on the other hand, a married child is automatically emancipated. Also, in *Bickford v. Bickford, supra,* the New York court held that emancipation alone is not enough to terminate the child's statutory right to support. This is not in accord with our law which provides that the parents or custodians have no duty to provide an emancipated child with care and financial support. The most significant distinction between the cases relied upon by the plaintiffs and the instant case, however, is that the cases cited by the plaintiffs concern annulled marriages, whereas Amy's marriage ended in divorce. We disagree with the plaintiffs that this distinction is irrelevant.

 Annulment and divorce differ fundamentally. "[A]nnulment renders a marriage void ab initio[.]" 55 C.J.S. Marriage § 63, p. 634. Once a marriage is annulled it is declared invalid from the outset or treated as if it never existed. *Id.* (footnote omitted). In contrast, "[a]n action to dissolve a marriage based on a cause accruing subsequent to the marriage is an action to dissolve a marriage validly contracted[.]" *Id.* Dissolution of a marriage terminates it as of the date of the judgment of dissolution. 55 C.J.S. Marriage § 63, p. 634. The distinction between annulment and dissolution or divorce was recognized in *Eyerman, supra,* where a child's ten-month marriage was annulled and the court restored the child's unemancipated status. Likewise, in *In re Marriage of Fetters,* 41 Colo.App. 281, 584 P.2d 104 (1978), a child whose eight month marriage was annulled was held to be unemancipated "[b]ecause her marriage was no longer recognized as valid, and because she was but 16 and living with and dependent upon her mother for support[.]" *Fetters,* 41 Colo.App. at 283, 584 P.2d at 106 (citation omitted). Similarly, in *Fernandez, supra,* a fourteen-year-old girl was found to be unemancipated after her sixty-day marriage was annulled. In contrast, Amy and Clarence were married for almost three years and their marriage ended in divorce. Accordingly, we are not persuaded by the cases cited to us by the plaintiffs.

In addition, we find no merit to the plaintiffs' argument that Amy's father should have to resume child support so that this obligation will not fall to taxpayers or the child's custodial parent. Parties who enter into marriage undertake the responsibility to care for one another. This responsibility often continues after the dissolution of a marriage in the form of alimony. *See* W.Va.Code § 48–2–15(a) (1999). Therefore, the primary

responsibility, of providing for the maintenance of a financially dependent party to a marriage upon its dissolution should fall to the other party to the marriage. In this case, Amy married an adult nearly nine years her senior. We, therefore, agree with the defendant that Amy should have sought alimony from her ex-husband rather than child support from her father.

Finally, we believe that the fact that a child who is emancipated by marriage remains under the juvenile jurisdiction of the circuit court has no bearing on the disposition of this case. As noted above, W.Va. Code § 49–7–27 provides that an emancipated child has essentially all of the duties and privileges of an adult.

## IV.

### CONCLUSION

For the above-mentioned reasons, we answer the certified question as follows:

Is a minor child who was emancipated by marriage unemancipated and/or entitled to child support if divorced while under the age of 18?

ANSWER: No.

Certified question answered.

Judge STONE, sitting by temporary assignment.

Justice SCOTT did not participate.